In re EXTENSION BOUNDARIES BROOKHAVEN.
RITCHIE, et al. *v.* CITY OF BROOKHAVEN.

June 8, 1953

No. 38916 34 Adv. S. 75 65 So. 2d 436

*William P. Cassedy* and *Henley, Jones & Woodliff,* for appellants.

862

866

*Jones & Stratton,* for appellee.

HOLMES, J.

This appeal presents the question of the validity of proceedings undertaken by the City of Brookhaven, an existing municipality, to extend its corporate limits under the authority of Chap. 491 of the Miss. Laws of 1950, and particularly in accordance with the provisions of Secs. 10 to 16, both inclusive, of said legislative act. The act in question provides a scheme for both extending and contracting the limits and boundaries of existing municipalities, but we are concerned here only with the provisions of the act applicable to the extension of such limits and boundaries.

The ordinance here under attack and by which it was provided to extend the corporate limits of the City of Brookhaven was adopted by the board of mayor and aldermen of said city on July 19, 1952. On August 6, 1952, the city, acting under the provisions of Chap. 491 of the Laws of 1950, filed a petition in the Chancery Court of Lincoln County, wherein the said city is located, exhibit-

ing thereto a certified copy of the said ordinance and a map or plat of the municipal boundaries as they will exist as changed by the enlargement, and praying a hearing thereon and that the court enter a decree ratifying, approving, and confirming the enlargement as provided in the ordinance.

Certain residents of the territory to be annexed appeared to said petition and filed objection to the enlargement and presented a demurrer to said petition. On the hearing of the demurrer, the chancellor rendered a decree overruling the same, and granting to the objectors, appellants here, an appeal to this Court to settle the controlling principles of the cause, and it is from this decree that this appeal is prosecuted.

The appellants contend on this appeal (1) that Chap. 491 of the Laws of 1950 is unconstitutional in that it attempts to confer legislative authority upon the judiciary in violation of Secs. 1 and 2, Art. 1, of the Constitution of the State of Mississippi, and (2) that the ordinance fails to meet the requirements of Sec. 10 of said Chap. 491 in that it fails to describe the proposed improvements to be made in the annexed territory and the manner of making said improvements and the extent thereof, and (3) that the ordinance was not adopted and published in the manner required by law.

In considering the question raised as to the constitutionality of Chap. 491 of the Laws of 1950, we call attention to our statutes providing for the enlargement of municipal boundaries prior to the enactment of said Chap. 491 of the Laws of 1950, as well as call attention to the changes effected in such proceedings by said Chap. 491. Under the statutes in force prior to the enactment of said Chap. 491, it was necessary in order to enlarge the boundaries of an existing municipality that the municipal authorities pass an ordinance defining with certainty the territory proposed to be included, and also the entire boundaries as changed. It was further provided that the

ordinance should not become operative until one month after the passage thereof and until the publication thereof for a prescribed time. The right of appeal to the circuit court from the order of adoption was accorded to any person interested, and on the hearing on appeal, the only issue for determination by the circuit court was whether the extension be or be not reasonable.

Chap. 491 of the Laws of 1950 changed this procedure in several particulars. Under Secs. 10 to 16, both inclusive, of said Chap. 491, it is provided that if an existing municipality desires to enlarge its boundaries, the governing authorities of such municipality shall pass an ordinance defining with certainty the territory to be included and also defining the entire boundaries as changed. It is further provided by these sections of the act that said ordinance shall in general terms describe the proposed improvements to be made in the annexed territory, and the manner and extent of such improvements, and the approximate time within which such improvements are to be made, and shall contain a statement of the municipal or public services which such municipality proposes to render in the annexed territory. After the passage of said ordinances, the municipal authorities are required to file a petition in the chancery court of the county in which such municipality is located, reciting the fact of the adoption of said ordinance and praying that the enlargement of the municipal boundaries be ratified, approved, and confirmed, and praying a hearing on said petition. It is further provided that if the chancellor finds from the evidence presented at such hearing that the enlargement provided for in the ordinance is reasonable and is required by the public convenience and necessity, and that reasonable public and municipal services will be rendered in the annexed territory within a reasonable time, the chancellor shall enter a decree approving, ratifying, and confirming the proposed enlargement, and it is further provided that the chancellor shall have the right and

power to modify the proposed enlargement. It is further provided that the decree of the chancellor shall become effective after the passage of ten days from the date thereof, or in the event an appeal is taken therefrom, within ten days from the final determination of such appeal. The act further provides the right of appeal from the decree of the chancellor.

It is to be noted that under the procedure under former statutes, the ordinance becomes operative thirty days after its passage and after requisite publication thereof, subject to the right of appeal to the circuit court, whereas under the 1950 act, the ordinance becomes operative after the passage of ten days from the date of the decree of the chancellor ratifying and approving the same, or within ten days from the final determination of an appeal if an appeal be taken. Under either procedure, however, the power to determine the reasonableness of the ordinance is conferred upon the court. In the 1950 act, the power is conferred upon the chancellor to find from the evidence whether or not the enlargement is reasonable and is required by the public convenience and necessity. Thus it is noted that in either instance, that is to say, under the former statutes or under the 1950 act, the question of the reasonableness of the ordinance is an issue to be determined by the court. It is argued by the appellants that these provisions of the act of 1950 confer legislative power upon the judiciary in contravention of our State Constitution.

We need not review the many authorities cited by counsel on both sides in their very excellent briefs, dealing with the subject matter of legislative or judicial functions. This court, in its prior decisions, has definitely decided that ▪▪ ▪ the question of the reasonableness of municipal ordinances is a judicial question and that the determination of the reasonableness of such ordinances is the exercise of a judicial function. Bradley, et al. v. City of Jackson, 153 Miss. 136, 119 So. 811; Jones, et al. v. City

of Hattiesburg, 207 Miss. 491, 42 So. 2d 717. It is argued, however, that since the 1950 act provides that the chancellor shall find from the evidence whether or not the proposed enlargement is reasonable and is required by the public convenience and necessity, such provisions of the act confer upon the chancellor legislative functions. It is particularly stressed by the appellants that the determination of the question of public convenience and necessity is a legislative and not a judicial function. Without determining whether or not the public convenience and necessity is to be considered by the chancellor as an element in the determination of the reasonableness of the ordinance, we think that this provision of the act relative to the question of the public convenience and necessity is not sufficient of itself to strike down the entire act as unconstitutional, even assuming that the question of public convenience and necessity is a legislative question. We say this for the reason that Sec. 173 of said Chap. 491 provides as follows: ''That if any word, phrase, clause, paragraph, or section of this act shall be held invalid or unconstitutional, the same shall not affect any other section or part of this act.''. Therefore, if the reference in the act to public convenience and necessity be invalid upon constitutional grounds, then the same is to be eliminated and the power remaining vested in the chancellor is that of determining the question of the reasonableness of the enlargement, and such question under the prior decisions of this court is a judicial question. Hence we are of the opinion that if the reference to public convenience and necessity in the act be stricken for invalidity upon constitutional grounds, the chancery court, in the exercise of its proper judicial function, may determine the reasonableness of the enlargement and may, if such enlargement be found to be reasonable, ratify, approve, and confirm the enlargement and render effective and in operation the ordinance.

It is argued by the appellants, however, that the act confers upon the chancery court the power to fix and de-

termine the boundaries of a municipality, and in fact to create municipalities. We do not deal with those provisions of the act providing that electors may initiate proceedings to include or exclude territory in an existing municipality, nor do we deal with those provisions of the act purporting to provide a method for the inhabitants of any unincorporated territory to incorporate such territory as a city or town. A challenge to the constitutionality of these particular provisions may present a serious question, but this question we do not here decide, and it is unnecessary for us to decide it in the determination of the case before us.

We are dealing here only with the provisions of the act providing a method by which the municipal authorities, by ordinance duly passed and adopted, may enlarge the corporate limits of an existing municipality. We do not think that these particular provisions confer upon the court power to determine and define municipal boundaries or power to create municipalities. It is to be conceded that the creation of municipalities and the fixing of the boundaries of municipalities is a legislative function, and, therefore, a matter for the legislature. It is to be conceded also that the legislature may delegate this function to a subordinate body such as a board of mayor and aldermen of a municipality. The provisions of the 1950 act here under review have delegated to the governing authorities of a municipality the power by ordinance to enlarge its existing corporate limits. The court is vested with no such power. Only the municipal authorities can initiate the proceedings by the enactment of an ordinance. The municipality, therefore, by the enactment of such ordinance determines and defines the boundaries of the territory to be annexed. The only power vested in the court is that of determining the reasonableness or unreasonableness of the enlargement. It is said by appellants, however, that the power is vested in the chancellor on the hearing to modify the enlargement, and

that hence this confers legislative power upon the court. It is to be noted, however, under this particular provision of the act, that the court has no power to enlarge the proposed annexed territory. Its power to modify the enlargement is only to the extent of reducing the enlargement in the event it should be found by the chancellor from evidence presented that some part of the proposed annexed territory is unreasonable and should be eliminated.

The chancery court has no power of itself to annex territory to an existing municipality. It has no power to define the boundaries of any proposed annexation. It is only after an ordinance has been passed by the municipal authorities defining and fixing the boundaries of territory to be annexed and after a petition presenting such ordinance to the court for a determination of its reasonableness that the court is called upon to function. The function which the court is then called upon to exercise is a judicial function, that is to say, the determination of the judicial question as to the reasonableness of the ordinance. After a very mature consideration of the question presented, we have reached the conclusion that the phrase "public convenience and necessity" appearing in Sec. 13 of said Chap. 491 may be assumed to be invalid upon constitutional grounds, although we do not so decide, and yet this phrase under the aforesaid Sec. 173 of the act may be wholly stricken therefrom without affecting the validity and constitutionality of that part of the act which confers upon the court the power to determine the reasonableness of the ordinance in the exercise of a strictly judicial function, and to ratify, approve, and confirm the ordinance if found to be reasonable. This leads us to the conclusion that the provisions of Chap. 491 of the Laws of 1950, under and pursuant to which the ordinance in question was adopted, are not unconstitutional upon the grounds that the same are in conflict with Secs. 1 and 2, Art. 1 of the Constitution of the State of Mississippi.

It is further contended by the appellants that the ordinance in question fails to meet the requirements of Sec. 10 of said Chap. 491, in that it fails to describe the proposed improvements to be made in the annexed territory, and the manner of making said improvements, and the extent thereof. Sec. 3 of the ordinance provides as follows:

"SECTION 3. That the City of Brookhaven shall make the following improvements in said annexed territory:

"Grading and drainage of existing streets; installing water and sewer lines and street lighting where necessary and economically feasible, said improvements to be completed within a reasonable time not to exceed three years from the effective date of this ordinance, unless delayed by war or military preparedness restrictions; and the said City of Brookhaven shall furnish in said annexed territory the following municipal or public services beginning on the effective date of this ordinance, to-wit:

"Police protection, fire protection, garbage removal, maintenance of existing streets, and measures for the elimination of, or protection against, mosquitoes and other insects, and water rates reduced to same as charged within City."

Under the express provisions of the act in question, it is required only that the ordinance shall *in general terms* describe the improvements to be made and the manner and extent thereof, and we think that the ordinance in question meets these general requirements. The ordinance sets forth the improvements to be made in the annexed territory, describing them in general terms, and providing that they will be made where necessary and economically feasible. In other words, the ordinance describes the improvements and proposes to make the same where necessary and to the extent of the financial ability of the municipality to do so.

This Court said in Parker Gin Corporation v. Town of Drew, 58 So. 2d 372, referring to the act of 1950 that it

does not require a municipality prior to executing its ordinance of extension to ascertian the precise cost of improvements and the sources from which the town will obtain water and sewage pipes and other materials. We think that the reference to the improvements in the ordinance describes the proposed improvements in general terms and that such description is sufficient to meet the requirement of the act to the effect that the manner and extent of such improvements be stated. The extent of the improvements is stated in that it is provided in the ordinance that the improvements therein described will be made where necessary and to the extent of the financial ability of the municipality to make the same. ,The description given is, in our opinion, sufficient to set forth the manner of such improvements as one of many definitions given the word "manner" in Webster's International Dictionary, Second Edition, is "nature" or "character." We are of the opinion, therefore, that ▮▮▮ the ordinance does in general terms describe the proposed improvements and state the manner, nature, or character thereof and the extent thereof, and that the ordinance in this respect is sufficient to substantially comply with the statute.

We are unable to agree with counsel for the appellants that the demurrer should have been sustained because it does not appear from the petition that the ordinance was adopted and published in the manner required by law. The 1950 act, Sec. 11, only requires that the petition recite the fact of the adoption of such ordinance and pray that the enlargement of the municipal boundaries be ratified, approved, and confirmed by the court, and that there shall be attached to the petition as exhibits thereto a certified copy of the ordinance and a map or plat of the municipal boundaries as they will exist in event such enlargement becomes effective. The petition in this case literally complied with the statute. We do not think ▮▮▮ it was necessary to allege in the petition that the ordinance

876

was published as required by law. The showing of the proper publication of the ordinance may become necessary on the hearing of the petition on its merits, but we do not think that it was necessary to allege in the petition that requisite publication of the ordinance had been made, particularly in view of the fact that the statute prescribes what shall be set forth in the petition and the petition here in question was a literal compliance with the statute.

For the reasons hereinbefore set forth, we are of the opinion that the decree of the court below in overruling the demurrer was correct, and accordingly the same is affirmed, and the cause remanded.

Affirmed and remanded.

*McGehee, C. J.*, and *Lee, Arrington*, and *Lotterhos, JJ.*, concur.

ON SUGGESTION OF ERROR

July 3, 1953 35 Adv. S. 2 65 So. 2d 832

LOTTERHOS, J.

The contention is made in the suggestion of error filed by appellants that if the phrase "public convenience and necessity" appearing in Section 13 of Chapter 491, Laws of 1950, is invalid upon constitutional grounds, as intimated in our original opinion, then the entire act, or at least the part thereof involved in this case, must be stricken down along with that phrase. It is argued that the invalid provision is a condition precedent to the operation of the balance of that part of the statute; that, if the quoted phrase is eliminated from the act, what remains with respect to the enlargement of municipalities will be entirely unworkable, and outside of the legislative intent; and that it was not the purpose of the legislature to permit municipal limits to be extended, unless the courts shall have found the extension to be required by

the public convenience and necessity. Appellants say that if the chancery court cannot pass upon this matter because it is legislative in character, rather than judicial, then municipal limits cannot be extended under this statute, because the legislature did not intend to provide for such extension unless judically found to be in the public interest.

In support of their position, and in answer to the effect of Section 173 of the statute providing for separability (quoted in our original opinion), appellants rely on the doctrine that the effect of such a provision in a statute is to reverse the ordinary presumption in favor of the inseparability of the parts of the statute, and place the burden on the assailant to show that the several provisions are inseparable, in order to invalidate the entire act, but that, with or without a provision such as Section 173, the ultimate question is the intent of the lawmakers. Numerous authorities are cited and discussed.

We do not question the general correctness of this doctrine. See 11 Am. Jur., Constitutional Law, Sec. 156, pp. 846-849. However, when the legislature has provided expressly that invalidity of a part of the statute shall not affect the remainder, the presumption of separability so created, cannot be rebutted unless it clearly appears that the legislature would not have been satisfied with what remains after a part has been found to be invalid. This limitation is pointed out in the above mentioned text. This Court has consistently given full effect to separability provisions in statutes of this state. See American Express Co. v. Beer, 107 Miss. 528, 65 So. 575, and Enochs v. State, 133 Miss. 107, 97 So. 534.

In the opinion in the former case, it was said: ". . . It is always the court's duty in passing upon the constitutionality of a statute to separate the valid from the invalid parts thereof, if this can be done, and to permit the valid parts to stand unless the different parts of the statute are so intimately connected with and dependent

upon each other as to warrant a belief that the legislature intended them as a whole and that if all could not be carried into effect it would not have enacted the residue independently. Adams v. Standard Oil Co. of Kentucky, 97 Miss. 879, 53 So. 692. We are relieved in the case at bar from any doubt as to whether the legislature would have enacted the sections of the statute here in question independently of the residue thereof, for the reason that it is expressly provided by Section 18 of the act that: . . ." The Court then quoted the separability provision of said Section 18.

We conclude that when the legislature enacted Chapter 491, Laws of 1950, it intended for Sections 10-16 to be effective, whether or not the provision for the chancery court to determine the public convenience and necessity of the extension is valid.

It is urged by appellants that, for the guidance of the chancellor on remand of this case, we should affirmatively state that the phrase "public convenience and necessity" contained in Section 13 of the act, is either valid or invalid. We did not answer this query in the original opinion because it was not necessary to the decision on the demurrer; but we have no doubt that the learned chancellor will understand from that opinion that it is our view that he cannot pass upon the legislative question of public convenience and necessity, which was for the municipal board in adopting the extension ordinance.

Suggestion of error overruled.

*McGehee, C. J.,* and *Lee, Holmes, and Arrington, JJ.,* **concur.**