## SPEARS *v.* CITY OF OXFORD

No. 40116      April 23, 1956      87 So. 2d 61

*Fant & Bush,* Holly Springs, for appellant.

*J. W. Price,* Oxford, for appellee.

804

HALL, J.

This is an appeal from a decree of the Chancery Court of Lafayette County approving an ordinance extending the corporate limits of the City of Oxford so as to include therein, among other territory, approximately 100 acres of land belonging to appellant, who was the only objector at the hearing in the Chancery Court.

██ ██ Numerous errors are assigned by the appellant, many of which are well taken, but we consider it necessary to discuss only two of them. At the beginning of and throughout the trial the appellant contended that the burden of proof was upon the City to show that the proposed enlargement of the city limits is reasonable. The chancellor ruled otherwise and we think that in this he was clearly in error. This proceeding was under Chapter 491 of the Laws of 1950, and the last sentence of Section 13 thereof, which appears as Section 3374-13, Code of 1942, specifically provides ''In any proceeding under this section the burden shall be upon the municipal authorities to show that the proposed enlargement or contraction is reasonable.'' In the recent case of In Re Extension of the Boundaries of the City of Indianola, 85 So. 2d 212, not yet reported in the State Reports, we specifically said that under the provisions of the aforesaid chapter ''when a proceeding for the enlargement or contraction of the corporate limits of a municipality is initiated by the city authorities, the burden of proof is upon them to establish that the proposal is reasonable and that the public convenience and necessity requires that the proposal be approved.'' In that case we further pointed out the error in the case of White v. Town of Drew, 214 Miss. 147, 58 So. 2d 372, which had placed the burden of proof upon the objectors.

██ ██ We think that the error of the chancellor as to the burden of proof also led him into error in his findings and in the conclusions in his final decree to the effect that the proposed extension is reasonable. Bearing in mind the rule as to burden of proof, we are of the opinion that the decree is contrary to the overwhelming weight of the evidence. Appellant's land which the decree takes into the corporate limits consists of about 100 acres. He did not object to the City taking into the corporate limits approximately 6 acres in the northwest corner, which will be hereinafter de-

scribed, but he did object to including within the city the remainder of his land amounting to approximately 94 acres. According to the proof there is one house on the 94 acre tract, which is occupied by appellant's daughter. On the 6 acre tract there are situated six houses, one being appellant's home and the others being 5 negro tenant houses, one of which is vacant, and the whole place is populated by 7 white people and 7 colored people. There is no public road on the property. A branch runs from one end to the other of it and this branch is low and swampy and is not drained. Only about 25 acres of the land is susceptible of cultivation. The 94 acre tract is badly eroded and consists of hills and hollows, which is not susceptible of being converted into any residential area or other municipal purpose except at a prohibitive cost. None of it is suitable for opening a subdivision. There are some suitable building sites in the northwest corner but no objection was made to putting them in the city. There has been no city expansion or suburban expansion on or near the Spears property. Water stands over it in the big hollow in wet weather. It is described by the witnesses as being largely wasteland. The evidence is overwhelming and conclusive that it is utterly impracticable to make a residential area out of that portion to which appellant objects to being included in the city extension. Neither public convenience nor necessity requires the proposed extension and there is no evidence that the extension is reasonable.

The decree appealed from will be reversed and the enlargement of the city limits as therein described will be amended so as to include therein only the following portion of appellant's land: Comencing at the southeast corner of Section 28, Township 8, Range 3 West and run thence north on the east boundary line of said section 146 rods to the Oxford and Houston public road, thence west and along the south side of said road to a red oak tree which stands at a point 78.5 rods due west of the

east boundary of said section, thence run west with the south side of said Oxford and Houston road 2.43 chains, the same being the point of beginning of the land herein described, thence run south 11.5 degrees west, 4.53 chains, thence east 1.69 chains, thence south 11.5 degrees west, 5.72 chains, thence east 1.34 chains, thence north .62 chains, thence east 4.84 chains, thence north 41 rods, thence due west to the point of beginning.

On December 4, 1955, appellee filed a motion to docket and dismiss this cause, which motion was overruled by the court on December 19, 1955, without a written opinion. In his brief on the hearing on the merits counsel for appellee has renewed the motion and seriously insists that we should sustain it. Rule 16 of the Rules of this Court provides that ''no motion once disposed of, or dismissed, shall again be heard''. The final decree in this case was dated November 12, 1955, in vacation. It was not entered upon the minutes of the court until November 16, 1955. It was not shown upon the docket of the court until November 16, 1955. The appeal bond in this case was filed on November 25, 1955, which is within the ten days provided for appeal by said Chapter 491, Laws of 1950. In the case of Rayl v. Thurman, 156 Miss. 1, 124 So. 432, we held on suggestion of error that the time to appeal begins to run the day following the entry of the judgment or decree on the minutes of the court. The appeal bond was filed in ample time and the motion to docket and dismiss was correctly overruled.

The decree of the lower court will be reversed and a judgment will be here entered excluding from the extension of the corporate limits all of appellant's land except that hereinabove specifically described, and the costs will be taxed against the appellee.

Reversed and judgment here.

*McGehee, C.J.,* and *Kyle, Arrington* and *Gillespie, JJ.,* concur.