In Re Extension of Boundaries of City of Newton.

T. L. Harris *v.* City of Newton.

No. 41372          January 18, 1960          117 So. 2d 199

*McFarland & McFarland,* Bay Springs, for appellant.

*Ethridge, Minniece & Bourdeaux,* Meridian, for appellee.

HALL, J.

The City of Newton adopted an order extending the city limits. A number of protests were filed and when the matter came on for final hearing the chancery court entered a decree sustaining the protests as to a part of the land involved and proposed to be added to the city limits, but overruled the greater portion of the protests. From the decree of the chancellor T. L. Harris is the only appellant.

According to the record, there is a large area of business activity along Highway 80 lying east of the corpo-

rate limits of the city. T. L. Harris lives in this area and owns a home, a drive-in theatre, the Blue Top tourist court and cafe, and in his testimony he said that a portion of this property could be built on. He has two wells and a septic tank and says that he has no need for streets or city water or street lights and that an expansion of the city limits to include the land owned by him would not benefit him. He admitted that garbage accumulates on his premises and he dumps the same in the city dump owned by the city and inside the city. He said that his children go to the city school and if he had a fire he would call the city fire department. He also admitted that he sells beer and whiskey and has been convicted for same on several occasions.

It is argued by the attorney representing Mr. Harris that he represents all the protestants, but as a matter of fact none of them have appealed except Harris. It is also argued by the attorney for the appellant that all that the city is wanting is an increase in revenue. On the trial he made several efforts to get an admission from the Mayor and other city officials that the city was interested only in an increase in revenue, but not a single one of them would admit this but on the contrary showed that they were interested in developing the city into a larger area where there would be available building lots for residences and for business purposes. It was shown that the city would spend a great deal of money in the added area, far above the increase in revenue, for city facilities, such as building and improving streets, additional fire protection, garbage removal, street lights, insect control with the city's fogging machine, police protection, and many other city facilities not now available to the persons in the added territory. It was also shown that in the added territory there would be a decrease in fire insurance rates. It was clearly shown that what the chancellor approved is entirely reasonable.

In the case of Ritchie v. City of Brookhaven, 217 Miss. 860, 65 So. 2d 430, it was held that in the case

of extension of boundaries the only inquiry which the court should make is into the reasonableness of the extension. Appellant relies on the language used in Spears v. City of Oxford, 227 Miss. 801, 87 So. 2d 61, and In Re Extension of the Boundaries of the City of Indianola, 226 Miss. 760, 85 So. 2d 212, but in those cases the Court did not hold that it was necessary to prove the convenience and necessity of the extension, but merely quoted the language of the statute. In the Ritchie case the Court had already held that proof of convenience and necessity was not necessary. ██ ██ If any doubt whatever exists as to the law in this state on the subject under consideration, it was removed by the opinion of this Court in the case in The Matter of the Extension of the Boundaries of the City of Meridian, Miss.,—Mrs. Louise Smith et al v. City of Meridian, No. 41,297, decided November 2, 1959, 115 So. 2d 323. In fact, the entire argument of appellant in this case is answered by the opinion in the Meridian case.

Finally, we adhere to the rule announced in the Ritchie case and for the reasons there given the decree of the lower court is hereby affirmed.

Affirmed.

*McGehee, C. J.,* and *Lee, Kyle* and *Holmes, JJ.,* concur.