LIPPIAN *v.* ROS, REGISTRAR

No. 43517 May 10, 1965 175 So. 2d 138

*Robert H. Oswald,* Pascagoula, for appellant.

*Merle F. Palmer,* Pascagoula, for appellee.

INZER, J.

This is an appeal by Charles Joseph Lippian from a decree of the Chancery Court of Jackson County denying him the right to register and qualify as a legal voter and elector of the City of Pascagoula. We hold that appellant was entitled to register and qualify as a legal voter of the city, and that the chancery court was in error in reversing the order of the Board of Election Commissioners for the City of Pascagoula, which order directed appellee, Vincent P. Ros, Registar of

Voters for the city, to register appellant as a voter in said city.

The questions to be here determined arise out of an ordinance of the City of Pascagoula passed on October 15, 1963 enlarging its city limits. The ordinance as adopted extended the city limits so as to take in the property owned by appellant and upon which he resides. After the ordinance was duly adopted, the City filed, as required by law, a petition in the Chancery Court of Jackson County asking that the ordinance be ratified and approved. Objections were filed by some of the residents of the area sought to be included in the city. On December 12, 1963 the chancery court entered a final decree in that cause, which was numbered 17424 on the chancery court docket. This decree adjudicated that the ordinance extending the city limits was reasonable and was required by public convenience and necessity. The decree approved, ratified and confirmed the ordinance, and fixed the boundaries of the city to include the entire territory sought to be annexed. The court in its decree approved an agreement by the City and the objectors whereby the court attempted to defer the effective date of annexation of part of the territory to be taken into the city until July 1, 1965. Appellant resides in this area. He was not one of the objectors and was not represented by counsel at the hearing. Under the agreement as approved by the court the City was to begin immediately to furnish certain services to the entire territory to be annexed, including fire protection, police protection insofar as possible, mosquito control service, street lighting and street markers. The final paragraph of the decree provided as follows:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that notwithstanding the fixing of the effective date of the annexation of the territory as agreed by the parties as set out herein, that this decree on this date shall be final, binding and conclusive

in all respects, and that no further proceedings shall be required to be filed by the City of Pascagoula in conjunction with the enlargement of its boundaries as described in Ordinance #9-1963, and approved, ratified and confirmed by this decree.

No appeal was taken from this decree.

Appellant, after being denied the right to register by appellee, filed a written petition as required by statute asking that he be allowed to register and qualify as a voter in the city. Appellant contended in his petition, as he contends here, that the order of the chancery court was a final order, and the annexation of the entire area became effective ten days after the chancery court approved the ordinance extending the city limits; that the attempt of the chancery court to defer the effective date of the annexation of part of the territory was void and of no effect.

Appellee, by letter dated April 10, 1964, denied appellant the right to register as a voter of the city. Appellee based his denial of the petition upon an opinion of the Attorney General, rendered in response to a request by appellee for a ruling on the issue. The Attorney General construed the decree to mean that part of the territory had not been annexed as of that time, and that the people in that area were not presently citizens of Pascagoula.

Appellant then perfected an appeal to the Board of Election Commissioners of the City of Pascagoula. The facts pertinent to the appeal were stipulated by counsel, and since they are the facts we are concerned with here, they will be set out as stipulated. They are:

The petitioner, Charles Joseph Lippian, is a white adult resident citizen of Jackson County, Mississippi who has registered, paid the required poll taxes, and is a qualified elector of the county presently registered to vote at the North Bayou Casotte box or precinct. The petitioner, by written petition to the City Reg-

istrar, which petition is stipulated shall be a part of these proceedings, advised the Registrar of the City of Pascagoula that he desired to register as a qualified elector of the City of Pascagoula, so as to be able to vote in the primary and municipal elections of the City of Pascagoula in June and July of 1965, respectively.

The City registrar declined to allow the petitioner Charles Joseph Lippian to register on the grounds set out by him in a letter to petitioner dated April 20th, 1964 and attached thereto the letter of the City Registrar dated February 19, 1964 to the Attorney General of the State of Mississippi, together with the response of the Attorney General of the State of Mississippi thereto dated February 21, 1964, it being stipulated that all of such correspondence shall be made a part of the proceedings.

It is stipulated that on October 15, 1963, the City of Pascagoula legally adopted and spread upon its minutes Ordinance No. 9-1963 of the City of Pascagoula, a true copy of the same being attached to the petition of Charles Joseph Lippian seeking to register, and made a part of these proceedings.

It is stipulated that on December 12, 1963 the Chancery Court of Jackson County, Mississippi in Cause No. 17,424, entered a final decree, a true copy of which is attached to the petition of Charles Joseph Lippian and made a part of these proceedings and that such decree approved, ratified and confirmed Ordinance No. 9-1963 with the modifications contained therein. No appeal was taken from such decree.

It is stipulated that the petitioner, Charles Joseph Lippian, resides in the annexed territory, and did not object to the annexation of the territory embraced in Ordinance No. 9-1963, that he was not represented by counsel in the proceedings in Cause No. 17,424 of the Chancery Court of Jackson County, Mississippi,

nor did he consent or agree to the modifications set out in such decree.

It is stipulated that the sole issue involved in this proceeding is whether, as a matter of law, under the provisions of Ordinance No. 9-1963 as approved, ratified and confirmed by the Chancery Court of Jackson County, Mississippi in Cause No. 17,424 the petitioner is entitled to vote as a qualified elector of the city in municipal elections in the City of Pascagoula, and that no other factual matters are in issue.

The Election Commissioners heard and considered the appeal, and entered the following order:

Section 3374-10 of the Mississippi Code of 1942 grants the governing board of the municipality, as a legislative function, the right to enlarge its corporate limits by the adoption of an appropriate ordinance.

Ordinance No. 9-1963 of the City of Pascagoula was duly and legally adopted in the manner required by law.

The area annexed by such ordinance includes the territory in which the petitioner Charles Joseph Lippian, a qualified elector resides

Ordinance No. 9-1963 of the City of Pascagoula was approved, ratified and confirmed by decree of the Chancery Court of Jackson County, Mississippi in Cause No. 17,424 on the docket of such court rendered on December 12, 1963 and no appeal was taken therefrom.

The decree approving, ratifying and confirming Ordinance No. 9-1963, on its face is a final decree, and no further proceedings are required by the City of Pascagoula in connection therewith.

That the modifications set out in the decree do not expressly or impliedly prohibit or deny the right of any person in the annexed territory to vote in municipal elections but does provide for the immediate rendering of municipal services to such annexed areas.

That a serious legal question is presented as to the validity of the modifications set out in the decree of Chancery Court in Cause No. 17,424 on the docket of such court in view of the language of Section 3374-13 of the Mississippi Code of 1942 limiting the power of the Chancellor in such cases to either approving the annexation ordinance as written as reasonable and in the public interest, or to eliminate therefrom such territory as cannot be reasonably annexed, or to find such proposed annexation to be unreasonable.

That the final decree is valid on its face, and the question of the validity or invalidity of any of the proposed modifications set out in the decree by agreement of the city and the named objectors does not in any manner preclude the petitioner from exercising his right to vote in municipal elections.

That as a matter of law the petitioner Charles Joseph Lippian is entitled to register as a qualified elector of the City of Pascagoula and that his appeal should be granted, and the Registrar directed to register him as a qualified elector of the City of Pascagoula.

 ██ From this order appellee prosecuted an appeal to the Circuit Court of Jackson County.

When the appeal came on for hearing in the circuit court, the circuit judge on his own motion transferred the cause to the Chancery Court of Jackson County. The circuit judge gave as his reason for the transfer that the appeal involved an interpretation of the decree of the chancery court entered on December 12, 1963 in Cause No. 17,424, and that the interpretation should be made by the chancery court. This action by the circuit court was error. The legislature by statute provided that appeals from Election Commissioners shall be heard and determined by the circuit court. The circuit court was the proper forum to hear this appeal, and the fact that the appeal involved an interpretation of a decree of the chancery court was not sufficient reason to transfer the

cause. In fact, under the law there could never exist any reason to transfer an appeal from the Election Commissioners to the chancery court.

■■■ Appellant made a motion in the chancery court to transfer the cause back to the circuit court, because the jurisdiction to hear the appeal was vested exclusively in the circuit court. The chancellor correctly found that the jurisdiction to hear the appeal was vested in the circuit court by statute, but since the circuit court had seen fit to transfer the cause to the chancery court, then the chancery court was prohibited by law from transferring it back to the circuit court. It was incumbent upon the chancery court to hear and determine the appeal, which it did. Although the circuit court was in error in transferring this cause, we are prohibited by Mississippi Constitution article 6, section 147 (1890) from reversing this cause for that reason. The chancellor found that petitioner was by this proceeding making a collateral attack upon the decree of the chancery court, and that the petitioner did not contend that the entire decree was void, but actually based his right to register upon the validity of the decree. Therefore, petitioner was contending that one part of the decree was valid, but that the other part of the decree was not binding upon him. The chancellor further found that the court had the power under the law to defer the effective date of the ordinance, and appellant lived in the area that did not become a part of the city until July 1, 1965. The chancellor determined that the Election Commissioners were in error and that their order should be reversed. A decree was entered to that effect; hence this appeal.

■■■ A motion has been filed in this Court by counsel for appellee asking that this appeal be dismissed for the reason that the issues before the Court are now moot. This contention is based on the assertion that notwithstanding the merit of the controversy, the date for registering voters in the City of Pascagoula to par-

ticipate in elections to be held in 1965 has passed, and that by the terms of the decree of the chancery court appellant will become a citizen of the city on July 1. It is apparent that counsel is of the opinion that although this Court holds that appellant was entitled to register on the date he applied for registration, that the effective date of his registration will be the date of our order. This brings before us the question of the effective date of the registration of a person who is wrongfully denied the right to register and is required to appeal to secure that right. We hold that any person wrongfully denied the right to register as a voter and who appeals to secure that right is entitled to register and that this registration will be effective as of the date that such person made a proper application to register. In the present case the appellant is entitled to be registered as of the date he filed his written petition to register as a voter of the City of Pascagoula. The legislature did not set out specifically by statute the effective date of registration of a person who is required to appeal in order to secure the right to register. Since this is the first case involving voter registration to reach this Court, we have not heretofore passed on this question. However, it is so manifestly right and just that the effective date should be the date when such person makes the proper application to register as a voter, that we do not deem it necessary to set out the many valid reasons in support of this holding. The motion to dismiss is overruled.

 █ The next question that we must determine is whether the chancery court had the power under the law to defer the effective date of the ordinance. We hold that it did not. The chancery court, in a proceeding to ratify and approve a city ordinance enlarging or contracting its boundaries, is governed entirely by statute. The general jurisdiction of the chancery court is not involved in such a proceeding. Mississippi Code Annotated section 3374-11-12-13 (1956) prescribes the power

and duties of the chancery court in this regard. Section 3374-13 states:

> If the chancellor finds from the evidence presented at such hearing that the proposed enlargement or contraction is reasonable and is required by the public convenience and necessity and, in the event of an enlargement of a municipality, that reasonable public and municipal services will be rendered in the annexed territory within a reasonable time, the chancellor shall enter a decree approving, ratifying and confirming the proposed enlargement or contraction, and describing the boundaries of the municipality as altered, but in so doing the chancellor shall have the right and the power to modify the proposed enlargement or contraction by decreasing the territory to be included in or excluded from such municipality, as the case may be. If the chancellor shall find from the evidence that the proposed enlargement or contraction, as the case may be, is unreasonable and is not required by the public convenience and necessity, then he shall enter a decree denying such enlargement or contraction. In any event the decree of the chancellor shall become effective after the passage of ten (10) days from the date thereof or, in event an appeal is taken therefrom, within (10) (*sic*) days from the final determination of such appeal. In any proceeding under this section the burden shall be upon the municipal authorities to show that the proposed enlargement or contraction is reasonable.

It is apparent from this statute that the function of the chancery court is limited to the authority granted and that it may (1) ratify and approve the ordinance if found to be reasonable, (2) modify the proposed enlargement or contraction by decreasing the territory to be included or excluded, or (3) deny *in toto* the proposed enlargement or contraction if it is found to be unreasonable. Smith v. City of Meridian, 237 Miss.

489, 115 So. 2d 323 (1959); Ritchie v. City of Brookhaven, 217 Miss. 860, 65 So. 2d 436 (1953).

 We have no decision of our own relative to the specific issue here involved. However, we do find that the Supreme Court of the State of Indiana, in construing a similar statute under similar facts, in State *ex rel.* Hunter v. Town of Hessville, 191 Ind. 251, 131 N.E. 46 (1921), held that the lower court had no power to suspend the effective date of an annexation. It is clear to us that the attempt of the chancellor to defer the effective date of annexation of the territory to be added exceeded his authority conferred by statute. We hold that the decree of the chancery court ratified and approved the ordinance extending the city limits of Pascagoula, and that such annexation became final ten days after rendition of the decree when no appeal was perfected from said decree. We further hold that that part of the decree which attempted to defer the effective date of annexation of part of the territory is void and of no effect. We are not called upon here to determine the effect that the approval of the agreement may have upon parties to the agreement. Appellant was not a party to such agreement, and it was in no way binding upon him.

 The last question we must determine is the question raised by the chancellor in his opinion, and that is the question whether appellant can collaterally attack a decree on which he is relying in part for relief. We hold that under the circumstances of this case he can. We said in Road Material and Equipment Company v. McGowan, 229 Miss. 611, 91 So. 2d 554 (1956), that:

" 'It is an axiom of the law that judgments entered without any jurisdiction are void, and will be so held in a collateral proceeding; and there is a strong and growing tendency in all the courts to hold that, although a court had jurisdiction over both the person and the subject-matter, but did not have the jurisdic-

tion to enter the particular judgment entered in the case, such judgment is void, and may be collaterally impeached.' Perhaps the word 'power' should be used in place of 'jurisdiction' in the last clause of this sentence, to prevent confusion of thought.'' (91 So. 2d at 558-59)

We also said in *McGowan* that:

A judgment may be good to the extent it is authorized by law and bad for the residue. The invalid, divisible part may be treated in proper cases as a nullity. The invalidity of the separable portion of the judgment does not affect the remainder of it. (91 So. 2d at 559)

Appellant has taken no action that would estop him from attacking that part of the decree which is void.

Therefore, for the reasons stated, the decree of the chancery court will be reversed, the order of the Board of Election Commissioners of the City of Pascagoula will be amended directing the appellee to register appellant as a voter of the City of Pascagoula effective as of the date he filed his written application to register. The order of the Election Commissioners is reinstated and affirmed as amended.

Reversed, and the order of Board of Election Commissioners of the City of Pascagoula reinstated as amended.

*Lee, C. J., and Ethridge, Gillespie and Patterson, JJ.,* concur.