INZER, Justice:
This is an appeal by Hugh Ferguson and others from a decree of the Chancery Court of Carroll County approving, ratifying and confirming an ordinance of the *125 Town of Vaiden expanding its city limits. We affirm.
On October 29, 1969, at a regular meeting of the Mayor and Board of Aldermen an ordinance was duly passed which extended the corporate limits of the city to include within the city limits the houses and new businesses which had recently been constructed near Interstate Highway No. 55 as well as additional lands for commercial and residential development. The ' ordinance provided that the city would make the following improvements within three years, to-wit: “grading and drainage of existing streets, opening up new streets where necessary, install water lines, sewer lines and street lights where necessary and economically feasible.” The ordinance also provided that the city would immediately offer the following services: “police protection, fire protection, garbage removal, maintenance of existing streets, measures for the elimination of or protection against mosquitoes and other harmful insects, water rates fixed at the same rate as in the Town of Vaiden, Mississippi.”
A petition for confirmation of the extension of the boundaries was duly filed in the Chancery Court of Carroll County. After proper notice a hearing on the city’s petition for confirmation was set for April 7, 1970, and on that day when the petitioners were ready to go forward with their proof, a small group of Vaiden residents filed a cross-petition seeking to be excluded from the existing corporate limits.
After a hearing the chancellor eliminated 120 of the 430 acres sought to be annexed and dismissed the cross-bill. It is from the chancellor’s determination of the reasonableness of the annexation of the 310 acres and his dismissal of the cross bill that the appellants have appealed.
The principal contention of appellants is the finding of the chancellor that the enlargement as modified was reasonable is against the overwhelming weight of the evidence. The burden of proof was upon the town to establish that the enlargement of its boundaries was reasonable. The rule is well established that if the chancellor’s finding of reasonableness or unreasonableness is supported by substantial evidence, this Court will not disturb the chancellor’s finding. In re City of Forest, 247 Miss. 340, 153 So.2d 688 (1963) ; Dodd v. City of Jackson, 238 Miss. 372, 118 So.2d 319 (1960). We have carefully reviewed the evidence in this case and we are of the opinion that it would serve no useful purpose to detail it. It is sufficient to say that it is our considered opinion that we cannot say with confidence that there is no substantial evidence to support the chancellor’s finding that the ordinance as modified is reasonable and required by public convenience and necessity.
It is also contended that the decree of the chancery court is contrary to law in that it fails to adjudicate that reasonable municipal services will be rendered in the annexed territory within a reasonable time. The ordinance states the proposed improvements to be made in the annexed territory and the manner and extent of such improvements and the approximate time within which such improvements are to be made. It also contains a statement of the municipal services which it proposed to render in such annexed territory and the time within which such serviecs shall begin, all as required by Section 3374 — 10, Mississippi Code 1942 Annotated (1956).
Section 3374-13, Mississippi Code 1942 Annotated (1956) states in part:
If the chancellor finds from the evidence presented at such hearing that the proposed enlargement or contraction is reasonable and is required by the public convenience and necessity and, in the event of an enlargement of a municipality, that reasonable public and municipal services will be rendered in the annexed territory within a reasonable time, the chancellor shall enter a decree approving, ratifying and confirming the proposed enlargement or contraction, and describing the boundaries of the municipality as altered, but in so doing the *126 chancellor shall have the right and the power to modify the proposed enlargement or contraction by decreasing the territory to be included in or excluded from such municipality, as the case may be.
It is apparent that this section means that when the chancellor finds from the evidence that the proposed enlargement is reasonable and public and municipal services will be rendered in the annexed territory, within a reasonable time, a decree will be entered approving, ratifying and confirming the proposed enlargement. While it is better form for the decree to state that the chancellor has so found, it is not essential to the validity of the decree. We assume that the chancellor did so find or the decree would not have been entered approving, ratifying and confirming the ordinance. When the city filed its petition requesting the court to approve, ratify and confirm the ordinance, it obligated itself to make the improvements and furnish the services set out in the ordinance and when the decree was entered approving, ratifying and confirming the ordinance, the obligation of the city became a part of the decree the same as if it were written therein.
Appellant assigns as error the action of the chancellor in dismissing the cross petition of resident electors of the existing town who sought to have certain territory excluded from the existing town. There is no merit in this assignment of error. The chancery court in a proceeding to approve, ratify and confirm a city ordinance enlarging or contracting its boundaries is governed entirely by statute. The general powers and jurisdiction of the chancery court is not involved in such a proceeding. The function of the chancery court is limited to the authority granted by the statute. It may (1) approve, ratify and confirm the ordinance, if found to be reasonable; (2) modify, the proposed enlargement or contraction by decreasing the territory to be included or excluded; or (3) deny the proposed ordinance, if it is found to be unreasonable. Lippian v. Ros, 253 Miss. 325, 175 So.2d 138 (1965); Smith v. City of Meridian, 237 Miss. 486, 115 So.2d 323 (1959).
The cross petitioners were evidently attempting to proceed in accordance with Section 3374-19, Mississippi Code 1942 Annotated (1956), this section provides, among other things, the statutory method in which inhabitants of any territory which is part of an existing municipality may be excluded therefrom. Such a proceeding is entirely separate and apart from the proceeding of a municipality to enlarge or contract its boundaries. The cross petition is not germane to the proceeding and has no place in the hearing on the petition of the Town of Vaiden to enlarge its boundaries. The action of the chancellor was correct in dismissing the cross petition. The dismissal, of course, was without prejudice to the rights of the petitioners to file their petition as a separate proceeding, if they so desire.
We have carefully examined the other errors assigned and find them to be without merit.
For the reasons stated, this cause must be and is affirmed.
Affirmed.
GILLESPIE, P. J„ and PATTERSON, SMITH and ROBERTSON, JJ., concur.