331 So.2d 909 (1976)
CITY OF JACKSON, Mississippi
v.
The TOWN OF FLOWOOD, Mississippi.
No. 48553.
Supreme Court of Mississippi.
May 4, 1976.
Rehearing Denied May 25, 1976.
*910 Watkins & Eager, George R. Fair, John E. Stone, Jackson, O.B. Triplett, Jr., Forest, for appellant.
McLaurin & Nicols, W.E. McIntyre, Jr., Brandon, for appellee.
Before INZER, SUGG and WALKER, JJ.
WALKER, Justice, for the Court:
This is an appeal from a decree of the Chancery Court of Rankin County, Mississippi, in which the boundaries of the present corporate limits of the Town of Flowood were extended.
The City of Jackson was the sole protestant to the proposed annexation and brings this appeal asking the Court to reverse the decree of the chancery court expanding Flowood's boundaries, or in the alternative to reverse that portion expanding the boundaries to include the 1.69 square mile area on the northern edge of Flowood.
The facts essential to this case are as follows:
On May 7, 1974, the Town of Flowood adopted an ordinance which purported to extend the boundaries of the town so as to *911 increase the area of Flowood from approximately 10.35 square miles to approximately 14.44 square miles. The extension involved the addition of four separate areas to the existing limits of Flowood. These areas are hereinafter referred to as follows: Area "A", consisting of land located between the present eastern boundaries of Flowood and the Jackson Municipal Airport; Area "B", located on the southeastern boundary adjacent to the City of Pearl; Area "C", consisting of 1.33 square miles of land located on the southwestern boundaries of Flowood adjacent to the Pearl River and the City of Jackson (the Pearl River in this area is the common boundary between Jackson-Hinds County and Flowood-Rankin County); and, Area "D", consisting of 1.69 square miles of land located on the northern boundary of Flowood.
Flowood subsequently filed its petition for approval of said ordinance in the Chancery Court of Rankin County, and made the City of Jackson, the City of Pearl and all other interested parties defendants pursuant to Mississippi Code Annotated section 21-1-31 (1972). The City of Jackson filed its objection to the ordinance within the time and in the manner required by law.

I.
The appellant first contends that the expansion proceeding was void because the appellee-petitioner failed to afford the appellant the right to an evidentiary hearing or notice on the issue of public convenience and necessity as required by statute.
This Court has held that that portion of Mississippi Code Annotated section 21-1-33 (1972) requiring the chancery court to determine the issue of public convenience and necessity is unconstitutional. This issue is a legislative question to be decided by the municipality's governing board. Rouse v. City of Pascagoula, 230 So.2d 543 (Miss. 1970); Dodd v. City of Jackson, 238 Miss. 372, 118 So.2d 319 (1960); Harris v. City of Newton, 238 Miss. 405, 117 So.2d 199 (1960); Smith v. City of Meridian, 237 Miss. 486, 115 So.2d 323 (1959); Ritchie v. City of Brookhaven, 217 Miss. 860, 65 So.2d 436, suggestion of error overruled, 217 Miss. 876, 65 So.2d 832 (1953).
The appellant argues that since it is not the responsibility of the chancery court to determine whether the expansion is required by public convenience and necessity, the statutory requirements as to giving notice of a proposed expansion shifted to Flowood's Board of Aldermen who were under a duty to afford an opportunity to the appellant and all interested parties the right to object to the expansion and the right to an evidentiary hearing on the issue of public convenience and necessity before the Board.
We find no merit in this contention. The adoption of an ordinance by a municipality expressing its intent to expand its boundaries is purely a legislative matter and requires no public hearing or notice prior to its adoption. The adoption of the ordinance is itself a finding of public necessity and convenience by the governing authorities. Moreover, no appeal lies from the adoption of the ordinance since interested parties are afforded due process of law with respect to notice and hearing when the matter of adoption of the ordinance is submitted to the chancery court for ratification and confirmation as provided by Mississippi Code Annotated sections 21-1-29 through 21-1-33 (1972). At such hearing before the chancery court, the sole issue is the question of the reasonableness of the expansion. Rouse v. City of Pascagoula, supra; Lippian v. Ros, Registrar, 253 Miss. 325, 175 So.2d 138 (1965); Smith v. City of Meridian, supra; Ritchie v. City of Brookhaven, supra.
We therefore hold that a municipality is not required to give public notice to a proposed ordinance expanding its boundaries or to afford a public hearing on that question *912 before the governing board of the municipality prior to the adoption of the ordinance.

II.
The appellant next contends that the expansion proceeding was invalid because the petitioner altered the boundaries of the area proposed to be annexed after the ordinance had been passed and the petition had been filed [in chancery court] without notice to anyone and without complying with the statutory requirements.
The City of Flowood did not present any evidence as to the reasonableness of the annexation of Areas "A" and "B", and consequently the chancery court, not having any substantial evidence upon which to find that the annexation of these areas was reasonable, deleted those two portions from the annexation as originally proposed. The appellant contends that the failure of the city to go forward with evidence with respect to these two areas was pursuant to agreements not to annex them between the City of Flowood and the Jackson Municipal Airport Authority with respect to Area "A" and the City of Flowood and the City of Pearl as to Area "B". The appellant contends this constituted an unlawful amendment to the annexation ordinance and points out that the statutory requirements with regard to the ordinance and the petition in an annexation proceeding provide that the governing board of the municipality define with certainty both (1) the territory to be annexed, and (2) the entire boundary as changed, Mississippi Code Annotated section 21-1-27 (1972); and, that a copy of the ordinance containing these descriptions be attached to the petition for the enlargement and modification of boundaries at the time it is filed with the chancery court. Miss. Code Ann. § 21-1-29 (1972). However, the appellee points out that section 21-1-33 provides: "... the chancellor shall have the right and the power to modify the proposed enlargement or contraction by decreasing the territory to be included in or excluded from such municipality, as the case may be." This provision of the statute gives the annexation procedure flexibility, and the authority of the chancery court to omit areas from the proposed annexation has been upheld in the following cases. Lippian v. Ros, Registrar, supra; In Re City of Forest, 247 Miss. 340, 153 So.2d 688 (1963); In Re City of Philadelphia, 232 Miss. 582, 100 So.2d 100 (1958); Dodd v. City of Jackson, supra.
We therefore find no merit in the appellant's contention that the agreement between Flowood and the Jackson Municipal Airport Authority and the City of Pearl with respect to Areas "A" and "B" constituted an impermissible amendment of the original ordinance of expansion. Flowood was not required to go forward with evidence as to the reasonableness of these areas which it determined were not desirable to be annexed and the court properly excluded them from its final order approving the expansion of the city.

III.
We have carefully considered the evidence in this case with respect to the reasonableness of the proposed annexation as modified by the chancery court and are of the opinion that there was substantial evidence upon which the lower court could find that the expansion, as modified, was reasonable.
We are of the opinion that the judgment of the lower court should be and is hereby affirmed.
AFFIRMED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, BROOM and LEE, JJ., concur.