# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-AN-02437-SCT

*IN THE MATTER OF THE EXTENSION OF THE BOUNDARIES OF THE CITY OF SARDIS, MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/16/2004 |
| TRIAL JUDGE: | HON. PERCY L. LYNCHARD, JR. |
| COURT FROM WHICH APPEALED: | PANOLA COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | DION JEFFERY SHANLEY |
| ATTORNEY FOR APPELLEE: | THOMAS S. SHULER |
| NATURE OF THE CASE: | CIVIL - MUNICIPAL BOUNDARIES & ANNEXATION |
| DISPOSITION: | REVERSED AND RENDERED - 04/19/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., EASLEY AND GRAVES, JJ.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1.	The City of Sardis, Mississippi, passed an ordinance approving the annexation of certain portions of Panola County adjoining the city into the city limits and filed a petition in the Chancery Court of Panola County seeking confirmation of the extension of its boundaries. Finding the requirements of law satisfied for certain portions of the proposed annexation area, the chancery court partially approved the City's petition, issuing a decree granting annexation with respect to the satisfactory areas. The objectors to the annexation along with the City of Sardis subsequently filed a joint Motion to Set Aside Decree. The chancery court denied the motion, and all parties appeal that decision. We find the chancellor applied an erroneous legal standard and usurped the Legislature's exclusive authority. We

therefore, reverse and render the chancery court decree and denial of the motion to set aside that decree.

## FACTS AND PROCEDURAL HISTORY

¶2.    On July 8, 2003, the City of Sardis, Mississippi adopted an ordinance seeking to extend the boundaries of the City to include certain territory located adjacent to the City. The City subsequently filed a petition in the Chancery Court of Panola County for ratification of the ordinance. The chancery court entered an opinion confirming the extension of the boundaries to include the proposed annexation areas which it found complied with the statutory standard of reasonableness pursuant to Miss. Code Ann. §21-1-33 (Rev. 2001). Considering all indicia of reasonableness, the court found the proposed annexation reasonable with the exclusion of the prospective additions to the north and to the east of the City, finding a lack of evidence that those areas were within any path of growth of the municipality. The court entered a decree confirming the approved extension. Nolan West and other objectors (hereinafter "West") timely appealed that decision to this Court, and the City timely cross-appealed.

¶3.    On August 2, 2005, the City enacted an ordinance repealing the July 8, 2003, ordinance seeking annexation. The City and West then jointly filed with this Court a Motion to Set Aside a Lower Court Judgment, or in the Alternative to Remand for Further Proceedings Due to Subsequently Occurring Events. This Court responded with an Order remanding the matter to the Panola County Chancery Court to allow the chancery court to consider any request for relief the parties might file.

¶4.     On remand, the City filed a Motion to Set Aside Decree, which West subsequently joined, requesting the chancery court to set aside the previous Order pursuant to Mississippi Rules of Civil Procedure Rule 60(b)(6). On November 14, 2005, the chancellor entered an Order denying the motion stating that: (1) the City should not be allowed to change its position regarding the desirability of annexation subsequent to the entry of the Final Decree of the trial court; (2) the Court should not set aside the decree unless error was shown on the part of the trial court; and (3) the proper course for the City should it no longer desire to include the subject territory would be to institute a deannexation proceeding.

¶5.     Consequently, the parties filed a Joint Notice of Appeal on December 13, 2005, raising one issue, whether the trial court erred in denying the parties' motion to set aside the decree granting annexation.

## DISCUSSION

¶6.     The arguments posed by the City and West are two: that the chancery court erred in refusing to recognize the City's repealer ordinance when the court's decree was not yet effective; and that the City has the sole decision-making power as to whether to institute and proceed with annexation proceedings.

¶7.     In reviewing annexation decisions, this Court only reverses when the chancery court has employed erroneous legal standards or where the record supports a firm and definite conviction that a mistake has been made. *In re Enlargement & Extension of City of Jackson v. City of Ridgeland*, 912 So. 2d 961, 964 (Miss. 2005); *City of Grenada v. Marascalco* (*In re Contraction, Exclusion & Deannexation of Certain Areas*), 876 So. 2d 995, 999-1000 (Miss. 2004).

3

**A.       The Effective Date of an Annexation Decree**

¶8.     The first question is whether the decree was effective when the City passed the repealer ordinance. Miss. Code Ann. §21-1-33 (Rev. 2001) provides that "the decree of the chancellor shall become effective after the passage of ten days from the date thereof or, in event an appeal is taken therefrom, within ten days from the final determination of such appeal." Having appealed the decree, West argues that pursuant to Miss. Code Ann. §21-1-33, the decree is not effective until ten days after the final determination of his appeal of the decree. We agree.

¶9.     The chancery court entered a decree confirming the annexation on November 19, 2004. Both parties appealed in December 2004. While the appeal was pending, on August 2, 2005, the City repealed its initial ordinance seeking annexation on August 2, 2005. The City presented the repealer ordinance to the chancery court on October 10, 2005, within its motion to set aside the decree, and the chancery court denied the motion.

¶10.    Pursuant to Miss. Code Ann. §21-1-33, the decree was not yet effective when the City repealed its initial ordinance. The question then becomes whether, subsequent to entry but prior to the effectiveness of the decree, a City may repeal its ordinance seeking annexation when the issue is before the chancery court on remand.

**B.       The Legislative Authority of a Municipality to Control the Proposed Annexation**

¶11.    The City asserts that the decision to extend the boundaries of the municipality is a legislative decision. Therefore, if the City notifies the court that an annexation for which

4

confirmation is pending has become undesirable, the judiciary is without authority to ratify such annexation. We agree.

¶12.    It is well-established that annexation is a power belonging solely to the Legislature. ***Poole v. City of Pearl*** (***In re Extension of the Boundaries***), 908 So. 2d 728, 730 (Miss. 2005). "Municipal corporations are now, as they have always been in this state, purely creatures of legislative will. . . their powers, their rights, their corporate existence, dependent entirely upon legislative discretion." ***Id.*** (quoting **Gully v. Williams Bros., Inc.**, 182 Miss. 119, 180 So. 400, 405-06 (Miss. 1938)).

¶13.    The City asserts that it may, within its legislative authority, repeal its annexation ordinance, even after the chancery court has adopted it. The City cites ***City of Jackson v. Town of Flowood***, 331 So. 2d 912 (Miss. 1976), to support this proposition.  The dispute in ***Flowood*** concerned the ability of the City of Flowood to alter the proposed boundaries of annexation prior to entry of the confirmation decree by the chancery court. ***Id.*** at 912. The City did not present evidence as to the reasonableness of annexing certain areas, deciding after it submitted its proposal to the court that it no longer desired to annex these areas. ***Id.*** The result was that the court excluded from its final order approving annexation those areas for which no evidence of reasonableness for annexation was presented. ***Id.*** We stated that Miss. Code Ann. §21-1-33, which gives the chancellor the right and power to modify the proposed enlargement by decreasing the proposed annexation area, provides for flexibility in the annexation procedure. Thus, we upheld the City's modification of its proposal during the proceedings as well as the trial court's adaptation in accordance with the City's modifications. ***Id.***

5

¶14.    *Flowood* illustrates the exclusive ability of the City to propose the boundaries for annexation. Here, when this Court ordered a remand it extended the confirmation procedure, and thus, the parties were provided an opportunity to present new information to the chancery court regarding the annexation.

¶15.    The proposal, and likewise the withdrawal, of annexation is solely legislative. The City presented on remand an ordinance repealing its initial ordinance seeking annexation. Therefore, the chancery court erred in denying the City's motion to set aside the decree granting annexation, as the court had no authority to force annexation in the face of a repeal ordinance from the municipality.

## CONCLUSION

¶16.    The chancellor applied an erroneous legal standard in its denial of the parties' motion in that the court (1) put forth as the effective date of the decree the date of entry instead of ten days after determination of appeal as prescribed in Miss. Code Ann. §21-1-33, and (2) usurped the exclusively legislative function of determining whether to pursue annexation procedures. We therefore reverse and render the chancery court decree granting annexation as well as the denial of the motion to set aside the decree.

¶17.    **REVERSED AND RENDERED.**

    **WALLER, P.J., DIAZ, EASLEY, CARLSON, GRAVES, DICKINSON, AND RANDOLPH, JJ., CONCUR.  COBB, P.J., NOT PARTICIPATING.**