365 So.2d 623 (1978)
In the Matter of the EXTENSION OF the BOUNDARIES OF HORN LAKE, Mississippi
v.
Will RENFRO et al.
No. 50953.
Supreme Court of Mississippi.
November 29, 1978.
Rehearing Denied January 10, 1979.
*624 Watkins, Pyle, Ludlam, Winter & Stennis, Jackson, Ronald L. Taylor, Southaven, L. Arnold Pyle, C. York Craig, Jr., Reynolds & Mockbee, Jackson, for appellant.
Freeland & Gafford, T.H. Freeland, III, G.O. Griffith, Jr., Joe D. Pegram, Oxford, for appellees.
Before SMITH, P.J., and WALKER and BROOM, JJ.
WALKER, Justice, for the Court:
This is an annexation case. Horn Lake, city with approximately 4,300 in population within a 1,998 acre tract attempted to annex the Southaven Utility District which has a population of approximately 17,330 within an 8,595.5 acre tract. The Chancery Court of DeSoto County held that Horn Lake failed to prove that the annexation was reasonable. We agree.
The sole issue presented is whether the chancellor's findings of fact were manifestly wrong or clearly against the overwhelming weight of the evidence. City of Biloxi v. Cawley, 332 So.2d 749 (Miss. 1976); City of Picayune v. Quick & Grice, Inc., 238 Miss. 429, 117 So.2d 718 (1960).
Mississippi Code Annotated section 21-1-33 (1972) provides the law on annexation hearings:
If the chancellor finds from the evidence presented at such hearing that the proposed enlargement or contraction is reasonable and is required by the public convenience and necessity and, in the event of an enlargement of a municipality, that reasonable public and municipal services will be rendered in the annexed territory within a reasonable time, the chancellor shall enter a decree approving, ratifying and confirming the proposed enlargement or contraction, and describing the boundaries of the municipality as altered. In so doing the chancellor shall have the right and the power to modify the proposed enlargement or contraction by decreasing the territory to be included in or excluded from such municipality, as the case may be. If the chancellor shall find from the evidence that the proposed enlargement or contraction, as the case may be, is unreasonable and is not required by the public convenience and necessity, then he shall enter a decree denying such enlargement or contraction. In any event, the decree of the chancellor shall become effective after the passage of ten days from the date thereof or, in event an appeal is taken therefrom, within ten days from the final determination of such appeal. In any proceeding under this section the burden shall be upon the municipal authorities to show that the proposed enlargement or contraction is reasonable.
The other pertinent law is that part of Senate Bill 1520 (1967) [1967 Miss. Laws, Chap. 45 (Priv.L. Vol.)] which provides:
None of the territory lying within [the Southaven Utility District] shall be subject to annexation by any municipality, or incorporated within a municipality unless all of the territory of the District shall be so annexed or incorporated at one time, in which event the assets of the District shall be transferred to the municipality and the municipality shall assume the operation and maintenance of the facilities of the District, and shall assume all liabilities and obligations of the District.
The criteria to be applied in cases of this nature is well established. The general criteria has been established as: (1) The municipality's need for expansion; (2) Whether the area sought to be annexed is reasonably within the path of growth of the city; (3) The potential health hazards from sewage and waste disposal in the annexed area; (4) The municipality's financial ability to make the improvements and furnish municipal services promised. Lowe v. City of Jackson, 336 So.2d 490 (Miss. 1976); Bridges v. City of Biloxi, 253 Miss. 812, 178 So.2d 683 *625 (1965); Dodd v. City of Jackson, 238 Miss. 372, 118 So.2d 319 (1960).
Other factors that have been considered by the Court are: (5) The need for zoning and overall planning in the area; (6) The need for municipal services in the area sought to be annexed. Smith v. City of Meridian, 237 Miss. 486, 115 So.2d 323 (1959); (7) Whether there are natural barriers between the city and the proposed annexation area; and (8) The past performance and time element involved in the city's provision of services to its present residents. City of Biloxi v. Cawley, 332 So.2d 749 (Miss. 1976).
We have held that the burden of proving reasonableness as measured by these criteria is upon the petitioner, here, Horn Lake. Dodd v. City of Jackson, 238 Miss. 372, 118 So.2d 319 (1960).
The chancellor found that Horn Lake had not met its burden of proof. He went on to specifically find that Horn Lake had no existing need for expansion, that the Horn Lake Creek Flood Plain was a natural barrier between the areas, and that the area proposed to be annexed presently had adequate public services. There was sufficient evidence to support the chancellor's findings and we cannot say the decision was manifestly wrong or clearly erroneous.[1]

I.
The chancellor found that no need was shown for expansion of Horn Lake. Horn Lake presently encompasses 1998 acres.[2] Thirty percent of that is neither platted nor subdivided, forty percent is undeveloped, and of the land which is platted or subdivided, fifty percent is undeveloped. The major population center of Horn Lake is the DeSoto Village Subdivision. This subdivision contains 1082 dwellings, of which 132 were vacant or abandoned at the time of trial. Further, no building permits were issued in 1975 or 1976. Horn Lake's expert witness testified that the present area could accommodate a population of 18,000 and predicted that the population of Horn Lake by 1996 would be only 13,800. Nor was there any proof of substantial economic activity or of industries planning to locate in Horn Lake. Based on the evidence, we cannot say the chancellor erred in finding there was no need for expansion.

II.
The court found that the Horn Lake Creek Flood Plain forms a natural barrier between the city and the area proposed to be annexed. Both parties testified to the existence of the Flood Plain between the areas, and the maps introduced clearly reflect it lies between the two areas. There is also uncontradicted testimony that the area at present is unsuitable for building and, absent large expenditures of funds would not be developed, or would be the last area to be developed. The natural barrier is not such a serious barrier as would in itself bar annexation, nevertheless it is a factor to be considered. It should also be noted that the barrier has an effect on the growing pattern of the area, e.g., the proof reflected that Horn Lake and Southaven are expanding parallel to each other, rather than toward each other. Based upon this evidence, the chancellor did not err in finding the existence of the Flood Plain to be a natural barrier and in considering it along with the other proof as militating against annexation.

III.
The chancellor found that the area to be annexed enjoyed reasonable public services. While opinions as to the services were conflicting, certain data was uncontradicted. The Southaven Utility District had *626 a higher rating on fire protection than that of Horn Lake. Water and sewage services were essentially the same. Road building and maintenance of roads in Southaven comes under the county government. The evidence showed that the county had more and better equipment for such services than the City of Horn Lake, and that the roads were at least as well maintained as those within Horn Lake. The ambulance service which covers the areas is the same. As far as police protection, there was evidence that the county sheriff felt he needed more money to provide better services; however, he admitted that a county supervisor testified that a request for additional funds had never been turned down. The testimony also showed that parks and recreational facilities in the Southaven area were equivalent to those in the Horn Lake area.
Other services, such as a public library, pest control and garbage pickup are provided by the county, and appear to be adequate. While much of the area utilizes private garbage pickup, a supervisor testified there had been no requests for the county to implement a broader public pickup service.
The chancellor found that Horn Lake failed to prove a need for expanding its present limits; that because of a natural barrier and normal expansion trend, the two areas are growing parallel rather than towards each other; and that the area to be annexed already enjoyed adequate planning and public services. There was substantial proof upon which to make such findings, and we are unable to say that the chancellor erred in holding that the petitioner, Horn Lake, failed to meet the requisite burden of proof.
For the above reasons, the judgment of the lower court dismissing appellant's annexation petition is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE and BOWLING, JJ., concur.
COFER, J., took no part.
NOTES
[1] Appellant asserts and we agree the chancellor's finding that the population of Horn Lake had decreased was erroneous. Nevertheless, the increase was insignificant and that error alone would not change the result. We also note that while the population increased slightly, the number of occupied dwellings in Horn Lake decreased over the time in question.
[2] We note that Horn Lake itself was only recently incorporated, obtaining its charter in 1973.