465 So.2d 1057 (1985)
WESTERN LINE CONSOLIDATED SCHOOL DISTRICT, P.L. Bell, et al. and Farmers, Inc.
v.
CITY OF GREENVILLE, Mississippi.
No. 55337.
Supreme Court of Mississippi.
March 6, 1985.
*1058 J. Robertshaw, Robertshaw, Terney & Noble, Hainon A. Miller, Greenville, for appellant.
Roy D. Campbell, III, Campbell & DeLong, G. Kenner Ellis, Jr., Greenville, for appellee.
En Banc.

ON PETITION FOR REHEARING
DAN M. LEE, Justice, for the Court:
This cause comes to us upon Petitions For Rehearing filed by both parties after our original opinion in this cause was handed down December 19, 1984. The Petitions for Rehearing are denied; however, our original opinion is withdrawn and this one is substituted therefor.
This is an appeal from the Chancery Court of Washington County wherein the chancellor, sitting pursuant to § 21-1-33 Miss. Code Ann. (1972), decreed the City of Greenville's proposed annexation reasonable. The appellants were objectors to the annexation at that hearing.
We begin by noting that the briefs and argument of all counsel involved in this cause have been of the finest quality and most beneficial to our decision. We also note that, although we are forced to reverse this cause, the chancellor is to be commended for his studious attention to the extensive testimony and numerous exhibits which constitute the record in this cause.
Under § 88 of our State Constitution the legislature is given the power to control the creation and organization of municipalities.
Section 88. The legislature shall pass general laws, under which local and private interest shall be provided for and protected, and under which cities and towns may be chartered and their charters amended, and under which corporations may be created, organized, and their acts of incorporation altered; and all such laws shall be subject to amendment.
Miss. Const. of 1890, Art. 4, § 88.
Beginning with Section 2913 of the Mississippi Code of 1892, the legislature took *1059 advantage of the authority given to it by Section 88 of the Constitution by establishing a statutory procedure for the expansion or contraction of municipal boundaries. That provision and subsequent modifications of the State Code provided that appeals from municipal ordinances contracting or expanding city boundaries were to be made to the circuit court. In 1950, the legislature changed the forum. With the adoption of § 3374-12 of the Mississippi Code (1942), the legislature presented the state with our modern scheme of realizing municipal growth. The entire process is now embodied in §§ 21-1-27 through 21-1-41 Miss. Code Ann. (1972). For purposes of this appeal, our attention is drawn to §§ 21-1-31 and 21-1-33. These sections provide that once a municipal ordinance enlarging or contracting that municipality's boundaries is passed by the city council, the reasonableness of the city's actions is to be determined by the chancery court.
The appellants argue that the chancery court is constitutionally the wrong forum. They take the position that the chancery court is one of limited jurisdiction and that it has no constitutional authority to hear municipal annexation cases. We turn directly to the language of the Mississippi Constitution of 1890 for resolution of this issue.
Article 6 § 159 of our State Constitution reads:
The chancery court shall have full jurisdiction in the following matters and cases, viz:
(a) All matters in equity;
(b) Divorce and alimony;
(c) Matters testamentary and of administration;
(d) Minor's business;
(e) Cases of idiocy, lunacy, and persons of unsound mind;
(f) All cases of which the said court had jurisdiction under the laws in force when this Constitution is put in operation.
Section 159 must be read in conjunction with Article 6 § 156 which states:
The circuit court shall have original jurisdiction in all matters civil and criminal in this state not vested by this Constitution in some other court, and such appellate jurisdiction as shall be prescribed by law.
In order to determine whether the legislature may constitutionally vest the chancery courts with jurisdiction to review municipal annexation we must consider the nature of the review intended. Section 21-1-33 states that the chancellor's power to review is limited to a determination of the "reasonableness" of the proposed annexation. Numerous decisions of this Court have recognized that standard. Extension of Boundaries of City of Clinton, 450 So.2d 85 (Miss. 1984); Extension of Boundaries of Horn Lake v. Renfro, 365 So.2d 623 (Miss. 1978); Extension of Boundaries (Wise) v. City of Biloxi, 361 So.2d 1372 (Miss. 1978).
We have attempted to establish criteria by which chancellors may gauge the reasonableness of an annexation. Dodd v. City of Jackson, 238 Miss. 372, 118 So.2d 319 (1960); Extension of Boundaries of Horn Lake v. Renfro, supra. These criteria require that the chancellor evaluate the services to be offered to the annexation area, the city's ability to offer those services, the city's need to grow and the needs of the area to be annexed. While the Dodd and Renfro criteria are helpful, they were never intended to be conclusive as to reasonableness. Other factors, including the interest of, and consequences to, landowners in the annexation area are relevant. The economic and personal impact on these landowners is as important a concern as the city's need to grow. Only by reviewing the annexation from the perspective of both the city and the landowner can the chancellor adequately determine the issue of reasonableness. In short, the common thread that must run through any reasonableness criteria is fairness. An unreasonable annexation is an unfair one and, as fairness is the foundation of equity, an annexation cannot be both unreasonable and equitable. The converse is equally *1060 true for an annexation cannot be both inequitable and reasonable.
In reviewing cases of this nature the chancellor must balance the equities of the parties by weighing all relevant factors to determine if the city's claim of need is defeated by inequitable consequences to those in the annexation area. Undoubtedly the legislature intended the process it mandated to be thus based in equity as it vested jurisdiction in the one court specifically designed to balance equities and determine fairness and reasonableness. Because the judicial review of a proposed annexation is equitable in nature, we are of the opinion that the chancery court's jurisdiction in those cases is constitutionally permissible.
The difficulty of the instant case is the view adopted by the chancellor that he was not sitting in a judicial capacity as a chancellor when he reviewed the proposed annexation pursuant to § 21-1-31. In his letter opinion to the attorneys in this cause, the chancellor prefaced his findings with the following:
Before undertaking a very brief review of the facts and law, it might be worth-while to point out that this Court is not sitting as a Chancery Court in this proceeding. The Chancery Court, of limited jurisdiction, has no constitutional jurisdiction of the subject matter. This Court is sitting in a quasi-ministerial role delegated to it by the Legislature pursuant to Section 88 of the Mississippi Constitution to determine whether the City has acted reasonably under the authority given the City to expand its municipal limits. The usual tenets of equity and fairness are not at play in this special role. The question is one of reasonable exercise of delegated power (at an earlier time, the Governor of the State exercised the same function; the chief executive didn't like having to handle such a political "hot potato," and prevailed upon the Legislature to dump it on the politically impotent chancellors).
In Ritchie, et al v. City of Brookhaven, 217 Miss. 860, 65 So.2d 436 (1953), this Court held:
We are dealing here only with the provisions of the act providing a method by which the municipal authorities, by ordinance duly passed and adopted, may enlarge the corporate limits of an existing municipality. We do not think that these particular provisions confer upon the court power to determine and define municipal boundaries or power to create municipalities. It is to be conceded that the creation of municipalities and the fixing of the boundaries of municipalities is a legislative function, and, therefore, a matter for the legislature. It is to be conceded also that the legislature may delegate this function to a subordinate body such as a board of mayor and aldermen of a municipality. The provisions of the 1950 act here under review have delegated to the governing authorities of a municipality the power by ordinance to enlarge its existing corporate limits. The court is vested with no such power. Only the municipal authorities can initiate the proceedings by the enactment of an ordinance. The municipality, therefore, by the enactment of such ordinance determines and defines the boundaries of the territory to be annexed. The only power vested in the court is that of determining the reasonableness or unreasonableness of the enlargement. It is said by appellants, however, that the power is vested in the chancellor on the hearing to modify the enlargement, and that hence this confers legislative power upon the court. It is to be noted, however, under this particular provision of the act, that the court has no power to enlarge the proposed annexed territory. Its power to modify the enlargement is only to the extent of reducing the enlargement in the event it should be found by the chancellor from evidence presented that some part of the proposed annexed territory is unreasonable and should be eliminated.
The chancery court has no power of itself to annex territory to an existing *1061 municipality. It has no power to define the boundaries of any proposed annexation. It is only after an ordinance has been passed by the municipal authorities defining and fixing the boundaries of territory to be annexed and after a petition presenting such ordinance to the court for a determination of its reasonableness that the court is called upon to function. The function which the court is then called upon to exercise is a judicial function, that is to say, the determination of the judicial question as to the reasonableness of the ordinance. (Emphasis added)
217 Miss. at 872, 873, 65 So.2d at 440.
Having decided that the determination of reasonableness is a judicial function, our concern is that the chancellor below viewed his role as only a ministerial one. Whatever rulings he then proceeded to make were necessarily a product of the limitations of the role the chancellor erroneously presumed to be playing.
What effect the chancellor's failure to recognize his role as a judicial officer and chancellor had on his findings of fact are unknown to the members of this Court. We certainly do not presume to have the insight into the chancellor's thought process which would let us know whether he would have reached the same decision had he not viewed his role as merely ministerial. We are therefore forced to remand this cause for a new hearing on the reasonableness of the City of Greenville's proposed annexation; however, it shall be a matter for the chancellor's sound discretion whether to hold hearings or simply conduct the new trial on the record as it exists.
We are fully aware of the expense and delay our decision may bring to bear on the City of Greenville; however, we also remain ever mindful of the rights of the citizens of the proposed annexation area who are entitled to a judicial determination of the reasonableness of including their land within the city limits of Greenville.
Therefore, based on all of the foregoing, we hereby remand this cause to the Chancery Court of Washington County for proceedings consistent with this opinion.
PETITIONS FOR REHEARING DENIED. ORIGINAL OPINION CLARIFIED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, PRATHER and SULLIVAN, JJ., concur.
ROBERTSON, J., not participating.