482 So.2d 1131 (1986)
Leroy LIDDELL
v.
Ivory Joe JONES, Admr. De Bonis Non, Estate of William Madison Liddell, Dec'd.
No. 55949.
Supreme Court of Mississippi.
January 22, 1986.
*1132 James C. Mayo, Fair & Mayo, Louisville, for appellant.
R.W. Boydstun, Jr., Louisville, for appellee.
Before WALKER, P.J., and HAWKINS and ROBERTSON, JJ.
WALKER, Presiding Justice, for the Court:
Leroy Liddell appeals from the decision of the Chancery Court of Winston County denying his claim against the estate of William Madison Liddell.
William Madison Liddell departed this life June 11, 1981. He died intestate with no direct descendents. From the time he returned to Mississippi in January 1978 until shortly before his death Mr. Liddell shared his mobile home with Leroy Liddell, the appellant in this case, who is also a nephew of the half-blood of the deceased.
On July 13, 1981, letters of administration on the estate of William Madison Liddell were issued to Calvin Coleman, brother-in-law of the deceased. Appellant and other relatives of the half-blood petitioned the court to have the appointment of Calvin Coleman set aside and the appellant substituted. This petition was opposed by Ivory Joe Jones, the only whole-blooded nephew of the decedent.
The court dismissed appellant's petition to have Calvin Coleman removed as administrator and found that the decendents of the half brothers and half sisters of William Madison Liddell were not among his heirs and not entitled to inherit from his estate.
On August 17, 1983, letters of administration de bonis non were granted Ivory Joe Jones on the estate. Calvin Coleman had died June 30, 1983.
The appellant subsequently probated a claim against the estate for $40,000.00 for "taking care of William Madison Liddell for three years and two months." Jones, as administrator of the estate, petitioned the court to disallow the claim. The court denied appellant's claim against the estate and concluded that the living arrangement between the deceased and the appellant was mutually beneficial and that there was no proof of an agreement to pay the appellant for any services rendered.
Appellant contends that the lower court erred in denying his probated claim for "care and nursing services rendered William Madison Liddell."
From Collins' Estate v. Dunn, 233 Miss. 636, 644-645, 103 So.2d 425 (1958) the law on this point is expressed:
It is generally held that an oral agreement to convey land by will or otherwise is within the statute of frauds, and specific performance of such agreement cannot be enforced. Ellis v. Berry, 145 Miss. 652, 110 So. 211. But this Court has recognized the principle that, when parties make an oral agreement that one is to care for and support the other and that the latter will make compensation therefor and such services are rendered, but not paid for by the latter during his lifetime, the party who has rendered the care and provided the support under such an agreement may recover therefor on the quantum meruit. Ellis v. Berry, supra; First National Bank v. Owen, 177 Miss. 339, 171 So. 4; Hickman v. Slough, 187 Miss. 525, 193 So. 443; In Re Estate of Whittington, deceased, 217 Miss. 457, 64 So.2d 580. This Court has said, however, many times, that claims of the character mentioned above, brought up for the first time after the death of the decedent, are looked upon by the courts with disfavor; and in order to maintain such a claim the evidence must clearly establish a contract, express or implied, between the claimant and the decedent, for the payment of compensation for such service. Bell v. Oates, 97 Miss. 790, 53 So. 491; Ellis v. Berry, *1133 supra; Wells et al v. Brooks, 199 Miss. 327, 24 So.2d 533.
Where the evidence is sufficient to establish the claimant's right to recover in such case, the amount of recovery is limited to the reasonable value of the services actually rendered to the decedent for which payment has not been recovered. Ellis v. Berry, supra. See also 34 C.J.S., 116, Executors and Administrators, par. 372.
The evidence produced at trial failed to prove that a contractual relationship existed between Madison Liddell and Leroy Liddell.
Frank Deramus testified that Madison Liddell had told him that he intended to will Leroy Liddell his property because Leroy was the only one that took care of him and because he could depend on him. Deramus had been Madison Liddell's attorney in a land matter. Roger Frazier, who is Leroy Liddell's nephew and Madison Liddell's great nephew by the half-blood, also testified that Madison Liddell had told him that he intended for Leroy to have "the place" and that he would will Leroy the property for seeing after him and taking care of him.
There was also testimony from Leroy's sister, Sarah Frazier, Reverend Elmer Triplet, and Roosevelt Stephens that Madison Liddell wanted Leroy to have "the place."
There was testimony that Leroy Liddell had come to live with Madison Liddell after Leroy had lost his own property. The sense of the evidence was that Leroy drank excessively and had little means of support other than pulpwood hauling, which he did infrequently.
While there was evidence that Leroy Liddell did assist and care for Madison Liddell and that Madison Liddell expressed a desire to leave property to Leroy, there is no clear evidence of a bargained for exchange. Lacking is any testimony to show that the appellant Leroy Liddell expected any pay or other reward for his services.
Appellant argues that the issue in Shaw v. Ladner, 447 So.2d 1272 (Miss. 1984) is "strikingly similar" to the issue in this case. However, in Shaw this Court affirmed the decision of the chancellor, not reversed the chancellor as the appellant would have this Court do. The standard of review regarding a chancellor's findings of fact is expressed in Richardson v. Riley, 355 So.2d 667, 668 (Miss. 1978):
The principle of law with which we are concerned has been repeated by this Court many times. It is that where the chancellor was the trier of facts, his findings of fact on conflicting evidence cannot be disturbed by this Court on appeal unless we can say with reasonable certainty that these findings were manifestly wrong and against the overwhelming weight of the evidence. Even if this Court disagreed with the lower court on the finding of fact and might have arrived at a different conclusion, we are still bound by the chancellor's findings unless manifestly wrong, as stated above. (citations omitted)
Appellant also claims that Wells v. Brooks, 199 Miss. 327, 24 So.2d 533 (1946) is a factually similar situation to the present case. This case was cited by the lower court in ruling adversely on appellant's claim. In Wells the court held an oral promise to convey property unenforceable under the statute of frauds but allowed the recovery of the reasonable value of the services rendered in expectation that the unenforceable parole promise to leave property would be carried out. In the case sub judice there was no direct or circumstantial evidence of a contractual agreement or an oral promise that appellant would be compensated. Other cases also cited by appellant  In Re Whittington's Estate, 217 Miss. 457, 64 So.2d 580 (1953), Hart v. Norton, 237 Miss. 566, 115 So.2d 540 (1959), Collins v. Dunn, 233 Miss. 636, 103 So.2d 425 (1958)  support the argument of recovery for services rendered on a quantum meriut basis in a proper case where there is proof that such services were rendered with the expectation that there would be something given in return. The present case does not fall within the rule of these cases. Lacking is evidence *1134 that the appellant ever expected anything for what he did.
Finding no error in the court below, the decision of the chancellor is affirmed.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.