492 So.2d 289 (1986)
In the Matter of the EXTENSION OF the BOUNDARIES OF the CITY OF MOSS POINT, Mississippi
v.
Ann Louise SHERMAN, et al.
No. 55725.
Supreme Court of Mississippi.
August 6, 1986.
John G. Corlew, Watkins & Eager, Jackson, Richie E. Perkins, Moss Point, for appellant.
Earl L. Denham, Levi & Denham, Ocean Springs, for appellees.
Before HAWKINS, P.J., and DAN M. LEE and ANDERSON, JJ.
HAWKINS, Presiding Justice, for the Court:
This is an appeal by the City of Moss Point from a decree of the chancery court of Jackson County denying an ordinance of the City of Moss Point seeking to extend and enlarge its municipal corporate limits.
Finding the chancellor's opinion supported by substantial evidence and not manifestly wrong, we affirm.

*290 FACTS
The City of Moss Point sought to annex approximately 12 square miles of area located on the north boundary of the city and encompassing the area commonly known as Escatawpa.
The annexation effort was opposed by Anne Louise Sherman and other residents and citizens of the Escatawpa area.
On October 1, 1983, the chancery court issued its written opinion denying the proposed annexation based upon Moss Point's failure to meet the fourth and eighth criteria set forth by this Court in its opinion in City of Jackson v. City of Ridgeland, 388 So.2d 152 (Miss. 1980).

LAW

I.

4. The municipality's financial ability to make the improvements and furnish municipal services promised.

The chancellor's finding with regard to this criteria is as follows:
The law favors annexation and I assumed from the outset of the trial that the Petitioner would prevail. This assumption continued throughout a careful study of my notes on the testimony and the exhibits and entered in evidence. The proof is just not there. It was not material as to what four years the Petitioner used to make its projections. What was material was that the projected growths were not verifiable or substantiated. The stagnant and declining economy of the city was not offset by the anticipated new revenue. The known new cost for city services coupled with the unusual expense of the utility district contract are too great to be answered by saying that the city is conservative and has an excellent bond rating.
This Court after a careful review of the record in this case is of the opinion that the chancellor's holding as to Moss Point's inability to substantiate and verify its ability to finance the acquisition requested is supported by credible substantial evidence introduced at trial and must therefore be upheld by this Court.

II.

8. The past performance and time element involved in the city's provision of services to its present residents.

The chancellor made the following finding of fact concerning Moss Point's failure to provide municipal services to residents of the Ford community, a community within its present boundaries, as follows:
In the past performance and time element factor, the Court must look to two areas. In the 1965 annexation, the Petitioner apparently moved quickly with a five million dollar bond issue to provide utilities and services mainly to the southern area annexed. The Ford Community has been within the City of Moss Point since 1905 and no services, except limited fire and police protection, have ever been furnished. On driving through this area, it is hard to believe that it is part of the city. The treatment afforded this community has built a barrier far greater than any river, marsh or other natural barrier. Since 1965, nothing has been done to the area north of this community to encourage residential or economic growth. There is no wonder that people living near or driving through this area would fear the prospects of being annexed.
Although there was conflicting evidence in the record concerning the city services furnished to the Ford community, we must give great deference to the finding of the chancellor, who relied not only on the evidence presented in court, but also on an on-site examination of the area.
The opinion of the chancellor being supported by substantial evidence and not manifestly wrong, it is hereby affirmed.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.