542 So.2d 918 (1989)
William D. BASSETT, Enamel Products and Plating Company, J.C. Ainsworth, Sr., Daisy J. Ainsworth, V.R. King and J.J. King
v.
TOWN OF TAYLORSVILLE, Mississippi.
No. 58533.
Supreme Court of Mississippi.
April 19, 1989.
*919 William W. Ferguson, Raymond, J.C. Ainsworth, Jr., Monticello, for appellants.
E. Howard Eaton, Taylorsville, for appellee.
Before HAWKINS, P.J., and ROBERTSON and PITTMAN, JJ.
ROBERTSON, Justice, for the Court:

I.
Today's case appeals a chancery court's confirmation of the Town of Taylorsville's annexation of lands comprising about 1.45 square miles and lying generally to the north and west of the prior town limits. Appellants, two entrepreneurs and four owners of undeveloped agricultural lands, argue that the annexation of their properties is patently unreasonable. Our review of the proceedings below yields the firm and definite conviction that the decision below was consistent with established law and well within the evidence.
We affirm.

II.
Today's appellants are
(a) William D. Bassett, sole stockholder of Automatic Plating, Inc., a contract metal coating operation which plates metal with a nickel, chrome or zinc covering. Automatic Plating does business in the Industrial Park area lying to the west of the pre-annexation town limits.
(b) Enamel Products and Plating Company is a Mississippi corporation which operates Solar Hardware Company as a local division and has a place of business in the Industrial Park area.
(c) J.C. Ainsworth, Sr. and Daisy J. Ainsworth own property in the area north of the current town limits, a portion of which will be taken into the town under the annexation.
*920 (d) V.R. King and J.J. King[1] own property north of the current town limits to the west of the Ainsworth property.
On April 1, 1986, the Mayor and Board of Aldermen of the Town of Taylorsville adopted an ordinance declaring that the public convenience and necessity required expansion of the town limits to include the area at issue.[2] On May 8, 1986, the Town filed its complaint in the Chancery Court of Smith County, seeking confirmation of the annexation. Miss. Code Ann. § 21-1-29 (1972). The present Appellants appeared and answered, objecting to confirmation of the annexation. The case was in due course called for plenary trial on the reasonableness of the annexation.
As per the 1980 census, 1,387 persons lived in Taylorsville, approximately 72% white, 28% black. The proposed area has approximately 188 persons, 100% white.[3] On a tax base of approximately 2.7 million dollars in 1987, the Town collected $68,959.24 in taxes. That figure is roughly $700 more than the year before. With the annexation, the Town Clerk estimates an increase in revenue of approximately $28,000 based on additional assessed value property of about 1.1 million dollars. As a side note, the Town currently has surplus of $140,000, a figure it points to in order to show its ability to finance needed improvements in the proposed area and a figure objectors point to as largess. The Town has outstanding liabilities of at most $14,000.
In favor of the Ordinance, the Town offered an expert in urban planning, Clyde Cook, who had studied Taylorsville in depth several years earlier in light of a large annexation attempt, which was settled out. In supporting today's stab at annexation, Cook's first criteria was population growth, combined with remaining developable land. Although there is vacant land within Taylorsville, much of it is subject to flooding, and the rest is ideally suited for residential. Second, Cook looked at the path of growth which he believes is to the west and, to a lesser degree, the north. Also, Cook testified the Town has a financial ability to provide services.

III.
What marks the otherwise able and quite thorough briefs of the appellants is their implied premise that this Court sits to consider the facts de novo. Accordingly, a preliminary word is in order regarding, first, the scope of judicial review of an annexation ordinance and, second, the scope of appellate review of a Chancery Court's finding of reasonableness.
Two findings are in law predicate to an annexation. First, the municipality's governing board must find that the annexation is "required by the public convenience and necessity". Miss. Code Ann. § 21-1-33 (1972). Our law decrees such a finding generically legislative and thus places it beyond judicial review. City of Jackson v. Town of Flowood, 331 So.2d 909, 911 (Miss. 1976); Ritchie v. City of Brookhaven, 217 Miss. 860, 870-73, 878, 65 So.2d 436, 439-40, 65 So.2d 833 (1953).
Second, the governing board and, as well, the Chancery Court are required to find that the annexation is reasonable. The reasonableness standard, of course, *921 has in mind the interest both of the municipality seeking annexation and, as well, the owners of property and other inhabitants of the area sought to be annexed. See City of Greenville v. Farmers, Inc., 513 So.2d 932, 941 (Miss. 1987); Western Line Consolidated School District v. City of Greenville, 465 So.2d 1057 (Miss. 1985). Reasonableness is a judicial question.
The Chancery Court found the proposed annexation reasonable in its entirety. Where such a finding is challenged on appeal, our scope of review is limited. We may reverse only if the Court's finding of ultimate fact that the annexation was reasonable is manifestly wrong or without the support of substantial, credible evidence. McElhaney v. City of Horn Lake, 501 So.2d 401, 403 (Miss. 1987); Extension of Boundaries of City of Moss Point v. Sherman, 492 So.2d 289, 290 (Miss. 1986); Enlargement of Boundaries of Yazoo City v. City of Yazoo City, 452 So.2d 837, 838 (Miss. 1984); Extension of Boundaries of City of Clinton, 450 So.2d 85, 89 (Miss. 1984).
Where there is conflicting, credible evidence, we defer to the findings below. McElhaney, 501 So.2d at 403; Moss Point, 492 So.2d at 290; Liddell v. Jones, 482 So.2d 1131 (Miss. 1986); Hans v. Hans, 482 So.2d 1117 (Miss. 1986). Findings of fact made in the context of conflicting, credible evidence may not be disturbed unless this Court can say that from all the evidence that such findings are manifestly wrong, given the weight of the evidence. McElhaney, 501 So.2d at 403; Extension of Boundaries of City of Biloxi v. City of Biloxi, 361 So.2d 1372, 1376 (Miss. 1978); City of Picayune v. Quick, 238 Miss. 429, 117 So.2d 718 (1960). We may only reverse where the Chancery Court has employed erroneous legal standards or where we are left with a firm and definite conviction that a mistake has been made.

IV.

A.
The outcome determinative question of ultimate fact before the Chancery Court is the reasonableness of the proposed annexation. Over the years our case law has developed a number of factors that ought be considered in this context. Before listing them, we emphasize that these factors are indicia of reasonableness and not separate or distinct tests in and of themselves.
In a series of cases beginning with Dodd v. City of Jackson, 238 Miss. 372, 396-97, 118 So.2d 319, 330 (1960) down through most recently McElhaney v. City of Horn Lake, 501 So.2d 401, 403-04 (Miss. 1987) and City of Greenville v. Farmers, Inc., 513 So.2d 932, 941 (Miss. 1987), we have recognized eight indicia of reasonableness. These include (1) the municipality's need for expansion, (2) whether the area sought to be annexed is reasonably within the path of growth of the city, (3) the potential health hazards from sewage and waste disposal in the annexed areas, (4) the municipality's financial ability to make the improvements and furnish municipal services promised, (5) the need for zoning and overall planning in the area, (6) the need for municipal services in the area sought to be annexed, (7) whether there are natural barriers between the city and the proposed annexation area, and (8) the past performance and time element involved in the city's provision of services to its present residents.
Other judicially recognized indicia of reasonableness include (9) the impact (economic or otherwise) of the annexation upon those who live in or own property in the area proposed for annexation, Western Line, 465 So.2d at 1059; (10) the impact of the annexation upon the voting strength of protected minority groups, Enlargement of Boundaries of Yazoo City, 452 So.2d at 842-43; (11) whether the property owners and other inhabitants of the areas sought to be annexed have in the past, and for the foreseeable future unless annexed will, because of their reasonable proximity to the corporate limits of the municipality, enjoy the (economic and social) benefits of proximity to the municipality without paying their fair share of taxes, Texas Gas Transmission Corp. v. City of Greenville, 242 So.2d 686, 689 (Miss. 1971); Forbes, et al. v. *922 Mayor & Board of Aldermen of City of Meridian, 86 Miss. 243, 38 So. 676 (1905); and (12) any other factors that affect reasonableness.
In the end, the Chancery Court is charged to determine whether under the totality of the circumstances the annexation (or any part thereof) is reasonable, having due deference to the interests of the municipality and, as well, the interests of the parties affected. City of Greenville v. Farmers, Inc., 513 So.2d at 941-42.

B.
Before the Chancery Court, the Town called  to show reasonableness  the Mayor (J.W. Walker), an expert in land use and urban planning (Clyde Cook), an environmental consultant (T.J. Culpepper), an engineer (Charles Holder), the town clerk (Edwina Sanders), a State fire department evaluator (J.K. Turner) and the town CPA (Herbert Holt). All testified to Taylorsville's reasonable need for the annexation.
The evidence from these witnesses has been summarized above. Suffice it to say that the case for annexation was not overwhelmingly convincing, nor was it the most outrageous we have ever seen  see Extension of the Boundaries of Horn Lake v. Renfro, 365 So.2d 623 (Miss. 1978), where the small town of Horn Lake tried to annex the entire area of what is now Southaven, Mississippi.

C.
The case of Appellant/Objectors Bassett and Enamel Products is not very appealing. These two parties engage in substantial businesses just outside the current town limits. Enamel Products' Solar Hardware Division employs approximately 275 people and operates in the Industrial Park area. Bassett's Automatic Plating operation has from eighteen to twenty employees.
The smoke screens removed, these Appellants simply do not want to pay town taxes. They claim that there is nothing Taylorsville can do for them and that they will achieve no benefits from annexation. Each would have us ignore the benefits. Taylorsville's proximity has long afforded them benefits each will continue to enjoy without regard to annexation. Each draws employees from Taylorsville, and otherwise participates in the life of the community. If the town of Taylorsville became unincorporated tomorrow and all of its residents moved away the next day, Enamel Plating and Bassett would be out of business. It is not unreasonable to suggest that what these objectors want is representation without taxation. This is hardly the stuff of which good citizens are made. Besides, the Constitution protects these parties from paying more than their fair share of taxes in the community upon annexation. See Miss. Const. § 112 (1890 as amended); U.S. Const.Amdt. XIV.
Having in mind the indicia of reasonableness recited above, we may only conclude that Taylorsville's annexation of the properties of these two objectors was quite reasonable.

D.
J.C. and Daisy Ainsworth own a great deal of property in and near Taylorsville. From the maps it appears that only a small portion of the Ainsworth property is being annexed. Although much of this land is currently agricultural in use, it forms a natural corridor between the residential development area in the northeast part of the annexation and the industrial area to the west. The King property lies west of the Ainsworths' along the same corridor.
At trial the Town established a path of growth along the River Road and east of that toward the National Guard Armory. Approximately fifteen dwellings have gone up in the most northeastern part of this area. Also within the proposed area is Ainsworth Propane, currently about 100 yards from the existing town limits. The Armory itself is about one quarter of a mile away. In short, most of the area between Highway 37 and east is vacant until one reaches the dwellings, business and Armory in the proposed northeast corner. The map of the proposed annexation *923 of the Ainsworth property suggests that it would have been unreasonable for the Town of Taylorsville not to have included at least that portion of the Ainsworth property here at issue. The map makes clear that the Town is annexing only that minimal portion of the Ainsworth property reasonably necessary for compactness.

E.
In sum, we hold that there was substantial credible evidence in the record supporting the Chancery Court's view that under the totality of the circumstances the Town of Taylorsville's annexation of the properties of Bassett, Enamel Products and the Ainsworths and the Kings was reasonable. Conversely, we may not say on this record that the Chancery Court was manifestly in error in its reasonableness conclusion.
AFFIRMED
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
*924 
NOTES
[1] The Kings perfected an appeal from the order confirming the annexation. However, they have filed no brief in support of their appeal.
[2] A map reflecting the area being annexed vis-a-vis the pre-annexation Town limits is appended to this opinion.
[3] Tongue in cheek, Appellants argue that the annexation will dilute black voting strength. To be sure, this Court has recognized such as an indicia of reasonableness, Enlargement of Boundaries of Yazoo City v. City of Yazoo City, 452 So.2d 837, 842-43 (Miss. 1984). No black persons have appeared or complained. Moreover, the record reflects that there are no black persons living in areas contiguous to the present town limits that might be annexed. Contrast Dotson v. City of Indianola, 739 F.2d 1022 (5th Cir.1984). Of course, the courts of this state have no authority to address the matter of pre-clearance, which by virtue of Section 5 of the Voting Rights Act of 1965 may only be done by federal authorities. 42 U.S.C. § 1973c; Perkins v. Matthews, 400 U.S. 379, 388-95, 91 S.Ct. 431, 437-39, 27 L.Ed.2d 476, 484-89 (1971); Dotson v. City of Indianola, 514 F. Supp. 397, 399 (N.D. Miss. 1981), affirmed 455 U.S. 936, 102 S.Ct. 1424, 71 L.Ed.2d 646 (1982).