This is an appeal by citizens of the Orange Grove community from a judgment enlarging the corporate limits of Gulfport. We find no error and affirm.
 FACTS
Gulfport presently encompasses 29.37 square miles within its corporate boundary, and according to the 1990 census, had a population of 40,775.
By city ordinance number 1792 adopted by the city January 19, 1988, and petition filed February 1, 1988, in the Chancery Court of the First Judicial District of Harrison County, the city sought to add 53.65 square miles with 27,827 additional inhabitants to the city, making a proposed total population of 68,602.
Following a six-week hearing before a special chancellor, the court found the westernmost and northernmost part of the proposed area to be annexed unreasonable, but did find approximately 33 square miles with approximately 22,618 inhabitants a reasonable area to be annexed. This area, presently unincorporated, and the most highly-developed portion of which is known as the Orange Grove community, was found by the chancellor to be in the path of growth of the city. The area approved is adjacent to and north of the present corporate limits. Highway 49 runs north and south across the *Page 293 
westernmost part of the approved area, and Interstate 10 runs east and west across the southern part.
While there were numerous objectors to the petition to annex, only the Committee for the Improvement of Orange Grove, Inc., comprised of a number of inhabitants of the Orange Grove community, has appealed. The city did not cross-appeal.
 LAW
Recently, in Matter of Enlargement of Corp. Limits ofHattiesburg, 588 So.2d 814, 818 (Miss. 1991), we noted:
 This Court has set forth a list of factors or so called indicia of reasonableness to guide the chancellor in his determination of the reasonableness of a city's annexation request. The Court first enumerated these factors in Dodd v. City of Jackson, 238 Miss. 372, 396-97, 118 So.2d 319, 330 (1960), and in later decisions has expanded the list.
We then set forth a total of twelve factors which our decisions had held were appropriate considerations by the chancery court in determining whether or not the proposed area to be annexed within a municipality was reasonable or not. Matter of Enlargement ofCorp. Limits of Hattiesburg, 588 So.2d at 818-19. We then held:
 These factors, however, are only indicia of reasonableness, not separate and distinct tests in and of themselves. Bassett v. Town of Taylorsville, 542 So.2d 918, 921 (Miss. 1989). The chancellor must consider all of these factors and determine whether under the totality of the circumstances the annexation is reasonable. Id. at 921-22; In the Matter of the Extension of the Boundaries of the City of Vicksburg, 560 So.2d 713, 715 (Miss. 1990); In the Enlargement of the Corporate Boundaries of the City of Booneville v. City of Booneville, 551 So.2d 890, 892 (Miss. 1989); In the Matter of the Extension of the Boundaries of the City of Jackson, 551 So.2d 861, 864 (Miss. 1989). This Court's standard of review is very limited. The Court can only reverse the Chancery Court's findings as to the reasonableness of an annexation if the chancellor's decision is manifestly wrong and is not supported by substantial and credible evidence. As restated in Extension of the Boundaries of City of Vicksburg, 560 So.2d 713, 716 (Miss. 1990):
 [I]f there is credible, albeit conflicting evidence, this Court will defer to the Chancery Court's findings. Bassett, 542 So.2d at 921, citing McElhaney, [v. City of Horn Lake], 501 So.2d [401] at 403 [Miss. 1987]; [Extension of Boundaries of] Moss Point [v. Sherman], 492 So.2d [289] at 290 [Miss. 1986]; Liddell v. Jones, 482 So.2d 1131 [Miss. 1986]; Hans v. Hans, 482 So.2d 1117 (Miss. 1986). In the context of conflicting credible evidence, this Court will not disturb a lower court ruling unless it can be said that from all the evidence such findings are manifestly wrong. Bassett, 542 So.2d at 921, citing McElhaney, 501 So.2d at 403; Extension of the Boundaries of City of Biloxi v. City of Biloxi, 361 So.2d 1372, 1376 (Miss. 1978); City of Picayune v. Quick, 238 Miss. 429, 117 So.2d 718
(1960).
 See also In re Enlargement of the Boundaries of Yazoo City v. City of Yazoo City, 452 So.2d 837
(Miss. 1984); In the Matter of the Extension of the Boundaries of the City of Clinton, 450 So.2d 85 (Miss. 1984); Curet v. City of Long Beach, 399 So.2d 1351 (Miss. 1981).
Matter of Enlargement of Corp. Limits of Hattiesburg, 588 So.2d at 819 (brackets original).
As noted in Hattiesburg, once a chancellor has considered all these factors and made written findings thereon, our "standard of review is very limited."
In this case an able special chancellor, following an extended hearing with over 250 exhibits, some of which were quite detailed, did consider all the appropriate factors and made a cogitative and judicious finding on each of them. All his findings were clearly supported by substantial evidence, and clearly none was manifestly wrong. His findings were in accord with settled principles enunciated by this Court which need no repetition, and we resist the temptation to quote from his well-written, carefully-drafted opinion. *Page 294 
Rarely is a hearing on extension of a municipality's corporate limits unattended by heated objections from citizens of the affected area. Because extension of the corporate limits of any municipality does seriously affect property owners in their daily lives, this Court in enunciating guiding principles has never taken these objections lightly. The learned special chancellor in this case also gave serious and thoughtful study to the respective positions of all parties, and nevertheless found that the area approved was clearly within the path of growth of Gulfport and was a reasonable area to be annexed within the city. We are not at liberty to disturb his findings or conclusion.
While not raised in the briefs on appeal, it was stated in oral argument that the city may have bargained with some of the industries or utilities to grant special tax advantages to remove their objection to the annexation. The city, of course, can only grant that which it has the legal authority to grant, but any questions there as to may be addressed in another forum, and form no part of our consideration on this appeal.
Finding no error, we affirm the judgment of the chancery court.
AFFIRMED.
PRATHER, P.J., BANKS, McRAE, AND JAMES L. ROBERTS, Jr., JJ., concur.
JAMES L. ROBERTS, Jr., J., specially concurs with separate written opinion joined by BANKS, J.
SMITH, J., dissents with separate written opinion joined by DAN M. LEE, P.J., and SULLIVAN, J.
PITTMAN, J., not participating.