# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-AN-01805-SCT

*IN THE MATTER OF THE EXTENSION AND
ENLARGING OF THE BOUNDARIES OF THE CITY
OF LAUREL, MISSISSIPPI: RANDY CHESNEY AND
THE CITY OF LAUREL, MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/22/2002 |
| TRIAL JUDGE: | HON. FRANKLIN C. McKENZIE, JR. |
| COURT FROM WHICH APPEALED: | JONES COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | JUSTIN MILLER COBB |
| | NORMAN GENE HORTMAN |
| | JERRY L. MILLS |
| | LESLIE PETTIS BARRY |
| NATURE OF THE CASE: | CIVIL - MUNICIPAL BOUNDARIES & ANNEXATION |
| DISPOSITION: | REVERSED AND REMANDED - 01/15/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**SMITH, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     The City of Laurel ( hereinafter the "City") adopted an annexation ordinance on April 2, 2002, seeking to annex a parcel of land in Jones County, Mississippi.  Randy Chesney, the owner of a convenience store located on a one-acre tract, requested the annexation of his property (the "Chesney tract").  In order to reach Chesney's property, it is necessary to travel a few hundred feet along Mississippi Highway 15.  In addition to annexing Chesney's property the City sought to annex an area which follows the right-of-way of Highway 15 from the existing city limits to the Chesney tract.  The City contends that

the area sought for annexation is contiguous as it follows the right-of-way of Highway 15 from the existing city limits to the Chesney tract.

¶2.     The City filed its petition seeking approval of the annexation by the Jones County Chancery Court. A hearing for the proposed annexation was set, and proper notice was posted in six public places within the proposed annexation area as well as published three times in *The Laurel Leader Call*, the local newspaper.   At the beginning of the hearing, without considering any evidence on reasonableness, the chancellor announced that the annexation could not proceed.  His decision was made  from a "standpoint of a question of law, without regard to the facts" and based on annexation statutes and common law.  The chancellor refused to allow the City to  use  the right-of-way "owned by the State of Mississippi" to make "pockets of territory outside the city limits" contiguous.  The chancellor further explained that such use of a right-of-way could result in improper annexation of property all over the county,  either voluntarily or involuntarily. The chancellor entered judgment dismissing the City's petition, and the City appeals.

¶3.     The City argues that the chancellor erred in concluding that the right-of-way cannot be used to make a parcel of property contiguous to a municipality for annexation purposes.

Further, the City contends that the chancellor erroneously ignored the fact that annexation was sought for both the Chesney property and the highway itself.  The City points to the fact that the highway tract is contiguous and adjacent to both the city limits and the Chesney tract.  According to the City, adjacency is determined by the entire tract, not separate parcels.

¶4.     The general statutory guidelines for extension of municipal boundaries are found in Miss. Code Ann. § 21-1-27 ( Rev. 2000), which provides in pertinent part:

> When any municipality shall desire to enlarge or contract the boundaries thereof by adding thereto *adjacent* unincorporated territory or excluding therefrom any part of the incorporated territory of such municipality, the governing authorities of such municipality

2

shall pass an ordinance defining with certainty the territory proposed to be included in or excluded from the corporate limits, and also defining the entire boundary as changed. In the event the municipality desires to enlarge such boundaries, such ordinance shall in general terms describe the proposed improvements to be made in the annexed territory, the manner and extent of such improvements, and the approximate time within which such improvements are to be made; such ordinance shall also contain a statement of the municipal or public services which such municipality proposed to render in such annexed territory.

(emphasis added). In this case, the City has sought to annex two parcels of land which form a single parcel of land contiguous to the current City limits. One part consists entirely of a highway right-of-way with an existing highway which is in use. The other is a parcel of land adjacent to that highway. The City contends that taken as a single tract, the area sought to be annexed is both adjacent and contiguous to the city limits.

## STANDARD OF REVIEW

¶5.     In reviewing appeals involving annexation, this Court recognizes annexation as a function of the Legislature. *Prestridge v. City of Petal*, 841 So.2d 1048, 1051 (Miss. 2003); *Extension of the Boundaries of the City of Ridgeland v. City of Ridgeland*, 651 So.2d 548, 553 (Miss. 1995). Therefore, our standard of review is limited to a single question, whether the annexation is reasonable. See *Enlargement and Extension of Mun. Boundaries of City of Madison v. City of Madison*, 650 So.2d 490, 493 (Miss. 1995). A chancellor's determination that annexation is either reasonable or unreasonable is reversed only when it is manifestly erroneous or unsupported by substantial credible evidence. *In Re the Enlargement and Extension of the Municipal Boundaries of the City of Biloxi*, 744 So.2d 270, 277 (Miss. 1999) (citing *McElhaney v. City of Horn Lake*, 501 So.2d 401, 403 (Miss. 1987); *Extension of Boundaries of City of Moss Point v. Sherman*, 492 So.2d 289, 290 (Miss. 1986); *Enlargement of Boundaries of Yazoo City v. City of Yazoo City* 452 So.2d

837, 838 (Miss. 1984); *Extension of Boundaries of City of Clinton*, 450 So.2d 85, 89 (Miss. 1984)).

¶6.     We refer to the findings of the trial court when faced with conflicting yet credible evidence. *Bassett v. Town of Taylorsville*, 542 So.2d 918, 921 (Miss. 1989). When evidence is conflicting but credible, those findings may not be disturbed unless those findings are manifestly wrong, given the weight of the evidence. *Id.* Reversal is warranted only when the chancery court has employed erroneous legal standards or this Court has a "firm and definite conviction that a mistake has been made." *Id.*

¶7.     When confronted with rulings on questions of law, the deferential "manifest error/substantial evidence" rule which is ordinarily applied is not proper. *In re Extension of Boundaries of City of Hattiesburg*, 840 So. 2d 69, 77 (Miss. 2003). In the *Hattiesburg* case, the chancellor was obviously dealing with questions of law when he granted the City's amendments to the proposed property annexation and denied the opposing motion to dismiss the case because of the alleged errors in the legal descriptions. *Id.*

¶8.     This case is similar as it involves the question of law on which the chancellor based his refusal to consider reasonableness of the proposed annexation basing his decision on the City's failure to meet the perceived statutory requirement that proposed property be contiguous to the municipality seeking annexation. As in the *Hattiesburg* case, this Court is not prevented from conducting a de novo review of the chancellor's actions on a question of law. *Id.* (citing *Holliman v. Charles L. Cherry & Assocs., Inc.*, 569 So.2d 1139, 1145 (Miss. 1990); *Planters Bank & Trust Co. v. Sklar*, 555 So.2d 1024, 1028 (Miss. 1990).

## DISCUSSION

4

¶9.     The question of whether a state highway and its right-of-way connected to another parcel of land, (Chesney Tract) sought to be annexed, is adjacent to and contiguous property to the current City of Laurel boundaries is not difficult to ascertain. Adjacency is determined by the entire tract proposed to be annexed. Taken as a single tract, the two parcels sought to be annexed are both adjacent and contiguous to the City.

¶10.     Whether this proposed annexation is reasonable or not is the ultimate question. Thus, the real determinative issue squarely confronting us is whether the chancellor must conduct a full hearing allowing for evidence and testimony and utilizing the indicia of reasonableness factors to determine if the proposed annexation is to be allowed. We conclude that he must do so.

¶11.     The role of the judiciary in annexations is limited to determining whether a proposed annexation is reasonable. *In re Extension of Boundaries of City of Hattiesburg*, 840 So. 2d at 81; *Matter of Enlargement and Extension of the Mun. Boundaries of the City of Jackson*, 691 So.2d 978, 980 (Miss. 1997); *In re Extension of Corporate Boundaries of the Town of Mantachie* 685 So.2d 724, 726 (Miss. 1996); *Enlargement and Extension of Mun. Boundaries of City of Madison v. City of Madison*, 650 So.2d 490, 494 (Miss. 1995); *Matter of Extension of Boundaries of City of Columbus,* 644 So.2d 1168, 1171 (Miss. 1994). The duties of the chancellor arise only after municipal authorities define and fix the boundaries of territory to be annexed, the proposed ordinance passes, and the municipality presents a petition of that ordinance to the court for a determination of its reasonableness. *Id.* The judicial function is to determine the reasonableness of the ordinance. *Id.* The chancellor has no power to define the boundaries of a proposed annexation. *Id.* We have inferred that a municipality seeking the annexation does not have to prove that every square inch of the proposed

5

area was legally proper for annexation. *Luter v. Hammon*, 529 So.2d 625, 630 (Miss. 1988). In fact, as a practical matter, courts certainly have the authority to authorize annexation of less than all of the proposed territory. *Id.* (citing *In re Extension of Boundaries of City of Biloxi*, 361 So.2d 1372, 1374-75 (Miss. 1978)). The chancellor does not have power to enlarge a proposed annexed territory. *Ritchie v. City of Brookhaven*, 217 Miss. 860, 65 So.2d 436, 441 (1953). The only power vested in the court is in the determination of the reasonableness or unreasonableness of an enlargement and whether it should be reduced. Miss. Code Ann § 21-1-33 (2001). The judiciary's power to modify a proposed enlargement arises only where in consideration of all of the evidence, the chancellor finds a reduction is necessary as some part of the proposed annexed territory is unreasonable.

¶12. Recently, this Court has been asked to assume the role of a "super-legislature" by striking down Miss. Code Ann. § 21-1-27, the annexation statute, as unconstitutionally vague. *In re Extension of Boundaries of City of Hattiesburg*, 840 So. 2d at 97. The objectors there described the vagueness of this Court's standard of "reasonableness" and characterized as defying definition, giving no guidance to the opponents or proponents of annexation, elusive and nebulous. *Id.* We responded to that charge with the assertion that the annexation statute merely provides for the procedures a city must undertake to annex property. *Id.* This Court refused to "strike down this statute as unconstitutional, reversing countless cases and calling into question the boundaries of most of the municipalities of the state." *Id* This Court found it logically impossible for the judicially created "reasonableness" test to render the annexation statute unconstitutional for vagueness, as the test is not included in the statute.*Id.* at 98. Further, although ease of annexation may be allowed by our interpretation, the Mississippi Legislature is the proper avenue for making the "reasonableness" test less "nebulous." *Id.* We have expressed understanding of the fact

6

that annexation litigation often arouses the emotions of those affected. *Id.* However, it is the duty of this Court to keep in mind that in annexation cases, we must be guided by the limited scope of judicial review and our well-established case law. *Id.* We conclude that the chancellor here erred in failing to proceed with evidence and testimony to determine ultimately whether the proposed annexation of the Chesney tract and the connecting corridor consisting of a public highway and adjacent right-of-way was reasonable or not.

## CONCLUSION

¶13. The chancellor must determine the reasonableness of the annexation of Chesney's property and the state highway and adjacent right-of-way. We express no opinion or view on reasonableness or unreasonableness of the city's attempt to annex this property. Accordingly, we reverse the judgment below and remand this case to the chancellor with instructions to proceed on the merits with a full hearing to determine whether the proposed annexation is reasonable. Miss. Code Ann. § 21-1-33 (Rev. 2001); *In re Extension of Boundaries of City of Hattiesburg*, 840 So. 2d 69, 81 (Miss. 2003).

¶14. **REVERSED AND REMANDED.**

**COBB, CARLSON, GRAVES AND DICKINSON, JJ., CONCUR. PITTMAN, C.J., WALLER, P.J., DIAZ AND EASLEY, JJ., NOT PARTICIPATING.**